## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| **Susan Starrett,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| **FedEx Ground Package System, Inc.,** a | ) | FILED: MARCH 19, 2008 |
| Delaware Corporation; **Federal Express** | ) | 08CV1611      TC |
| **Corporation,** a Delaware Corporation; | ) | JUDGE LEFKOW |
| **FedEx Corporate Services, Inc.,** a | ) | MAGISTRATE JUDGE COLE |
| Delaware Corporation; **FedEx Air Package** | ) | |
| **Systems, Inc.** | ) | |
| | ) | |
| Defendants. | ) | |

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS, AND TO PLAINTIFF:

**PLEASE TAKE NOTICE** that Defendants, FedEx Ground Package System, Inc., Federal Express Corporation, and, FedEx Corporate Services, Inc., hereby file their Notice of Removal under 28 U.S.C. § 1441, to effect removal of this matter which was commenced in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, under Case No.: 2008 CH 05989. Removal is proper for the following reasons:

1.    On February 15, 2008, Plaintiff filed this action in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, under Case No.: 2008 CH 05989. FedEx's records indicate that it first received notice of this action on February 22, 2008, when it was provided a copy of the Complaint by counsel, and thirty days since such notice has not yet expired.

2.    Plaintiff filed an Amended Complaint on February 21, 2008 and has effected service of this pleading on at least one defendant.

3.    Accepting the facts as Plaintiff has alleged, the shipment at issue was handled by Federal Express Corporation ("FedEx Express").  The remaining defendants had no involvement in this shipment and should be dismissed[1].

4.    Removal to Federal Court is proper.

5.    The United States District Courts have original jurisdiction by reason of federal question jurisdiction, 28 U.S.C. § 1331.

6.    The claims asserted by the Plaintiff in her Complaint, and the liability of FedEx, if any, are governed by principles of federal common law applicable to shipments made in interstate commerce by a federally certified air carrier such as FedEx.  As such, this Court has original jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. § 1331, and this civil action may be removed pursuant to 28 U.S.C. § 1441(b).  Treiber & Straub, Inc. v. United Parcel Service, 474 F.3d 379 (7th Cir. 2007)("a claim for lost or damaged goods transported by a common air carrier arises under federal common law and thus falls within the district court's federal question jurisdiction");  Sam L. Majors Jewelers v. ABX, Inc., 117 F.3d 922 (5th Cir. 1997); McCall-Thomas Eng'g Co. v. Federal Express Corp., 81 F.3d 28 (4th Cir. 1996) ("Claims involving shipments in interstate commerce by air carriers are governed by federal law."); see also: Diero v. American Airlines, Inc., 816 F.2d 1360 (9th Cir. 1987); First Pennsylvania Bank, N.A. v. Eastern Airlines, Inc., 731 F.2d 1113 (3d Cir. 1984); North American Phillips Corp. v. Emery Air Freight Corp., 579 F.2d 229 (2d Cir. 1978).

7.    To the extent Plaintiff asks for declaratory judgment asserting the unenforceability of the FedEx limitation on liability, she has again raised a federal question.  Treiber & Straub, Inc. v. United Parcel Service, 2005 WL 2108081 at *6 (E.D.

---

[1] To Defendant's knowledge there is no entity known as "FedEx Air Package Systems, Inc."

Wisc. 2005)("Federal common law applies when a shipper contests the validity of a contractual clause that limits a carrier's liability.")  Attached hereto as Exhibit "A" is a recent decision by this Court (<u>Solovy v. FedEx</u>, 07 C 6721, Feb. 5, 2008) directly on point.

8.    Attached hereto as Exhibit "B," is a true and correct copy of all pleadings and process filed in this action in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, under Case No.: 2008 CH 05989.  A notice of filing of this Notice of Removal is being concurrently filed with the Circuit Court of Cook County, Illinois, County Department, Chancery Division.

**WHEREFORE**, defendants pray that this civil action be removed to this Court from the Circuit Court of Cook County, Illinois, County Department, Chancery Division.

Dated:  This 19th day of March, 2008.

Respectfully Submitted:
O'Hagan Spencer LLC

By: _____
Counsel for Defendants

Patrick J. Keating, ARDC No. 6211380
Edward C. Eberspacher, ARDC No. 6286085
**O'Hagan Spencer LLC**
One E. Wacker Drive, Suite 3400
Chicago, Illinois 60601
312-422-6100 – Phone
312-422-6110 – Fax

Of Counsel:

Michael W. Higginbotham
Federal Express Corporation
3620 Hacks Cross Road
Building B, Third Floor
Memphis, Tennessee  38125
Telephone: (901) 434-8570
Facsimile:  (901) 434-9279

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing document was sent via U.S. Mail, postage prepaid this 19th day of March, 2008, to:

> Colin H. Dunn
> Clifford Law Offices
> 120 North LaSalle Street, 31st Floor
> Chicago, Illinois 60602
> Telephone: (312) 899-9090

> _____
> Patrick J. Keating, Esq.

Patrick J. Keating, ARDC No. 6211380
Edward C. Eberspacher, ARDC No. 6286085
**O'Hagan Spencer LLC**
One E. Wacker Drive, Suite 3400
Chicago, Illinois 60601
312-422-6100 – Phone
312-422-6110 – Fax

Of Counsel:

Michael W. Higginbotham
3620 Hacks Cross Road
Building B, Third Floor
Memphis, Tennessee 38125
Telephone: (901) 434-8570
Facsimile: (901) 434-9279

# RECEIVED

**CT** CORPORATION
A WoltersKluwer Company

MAR 12 2008

FXG LEGAL DEPT

**Service of Process Transmittal**
03/11/2008
CT Log Number 513181034

|||||||||||||||||||||||||||||||||||||||||||||||||||||||

**TO:**     Carol Lancia
FedEx Ground Package System, Inc.
1000 FedEx Drive
Moon Township, PA 15108

**RE:**     **Process Served in Illinois**

**FOR:**    FedEx Ground Package System, Inc. (Domestic State: DE)

08CV1611                           TC

JUDGE LEFKOW

MAGISTRATE JUDGE COLE

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Susan Starrett, Pltf. vs. Fedex Groung Package System Inc., etc., et al. including Fedex Air Package Systems, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons ( 2 sets), Complaint, Service List ( 2 sets) |
| **COURT/AGENCY:** | Cook County Circuit Court, County Department, Chancery Division, IL
Case # 08CH05989 |
| **NATURE OF ACTION:** | Request for declaratory judgment against defendants seeking damages for its liability for its damages or destruction of property regardless of the culpability or circumstances |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/11/2008 at 11:00 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | Mike S. Krzak
Clifford Law Offices, P.C.
120 N. LaSalle Street
Suite 3100
Chicago, IL 60602
312-899-9090 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex Priority Overnight , 798393905077
Image SOP - Page(s): 14
Email Notification, Carol Lancia isopcomplaints@fedex.com |
| **SIGNED:**
**PER:**
**ADDRESS:** | C T Corporation System
Tawana Carter
208 South LaSalle Street
Suite 814
Chicago, IL 60604 |
| **TELEPHONE:** | 312-345-4336 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | (7-90) CCG-I |

ALIAS - SUMMONS

## THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT - CHANCERY DIVISION

SUSAN STARRETT,                                    )
                                                   )
                        Plaintiff,                 )        No. 08 CH 05989
                                                   )
            v.                                     )
                                                   )        Cal No. 4
                                                   )
FEDEX GROUND PACKAGE SYSTEM INC.,                  )
a Delaware Corporation                             )
FEDERAL EXPRESS CORPORATION,                       )        **PLEASE SERVE DEFENDANTS AT:**
a Delaware Corporation                             )        See Reverse Side
FEDEX CORPORATE SERVICES,                          )
INC, a Delaware Corporation                        )
FEDEX AIR PACKAGE SYSTEMS INC                      )
                                                   )
                        Defendants.                )

### SUMMONS

To each defendant:

YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance in the office of the clerk of this court (located in the Richard J. Daley Center, Room *802 Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

FEB . 2008

WITNESS,_____,2008

_____
DOROTHY A. BROWN, Clerk of Court

| | |
|---|---|
| Name: | Colin H. Dunn |
| Attorney for: | Plaintiffs |
| Address: | 120 North LaSalle St. |
| City: | Chicago, IL 60602 |
| Telephone: | 312/899-9090 |
| Atty. No.: | 32640 |

Date of service:_____,2008
(To be inserted by officer on copy left with defendant or other person)

## DOROTHY A. BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
*Law Division Room 801                          County Division Room 801
Probate Division Room 1202                       Chancery-Divorce Division Room 802

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | (7-90) CCG-I |

ALIAS - SUMMONS

THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CHANCERY DIVISION

SUSAN STARRETT,                                    )
                                                   )
                          Plaintiff,               )          No. 08 CH 05989
                                                   )
              v.                                   )
                                                   )          Cal No. 4
                                                   )
FEDEX GROUND PACKAGE SYSTEM INC.,                  )
a Delaware Corporation                             )
FEDERAL EXPRESS CORPORATION,                       )          PLEASE SERVE DEFENDANTS AT:
a Delaware Corporation                             )          See Reverse Side
FEDEX CORPORATE SERVICES,                          )
INC, a Delaware Corporation                        )
FEDEX AIR PACKAGE SYSTEMS INC                      )
                                                   )
                          Defendants.              )

## SUMMONS

To each defendant:

YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance in the office of the clerk of this court (located in the Richard J. Daley Center, Room *802 Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

FEB 2. 2008

WITNESS,_____,2008

_____
DOROTHY A. BROWN, Clerk of Court

| Name: | Colin H. Dunn |
|---|---|
| Attorney for: | Plaintiffs |
| Address: | 120 North LaSalle St. |
| City: | Chicago, IL  60602 |
| Telephone: | 312/899-9090 |
| Atty. No.: | 32640 |

Date of service:_____,2008
(To be inserted by officer on copy left with
defendant or other person)

DOROTHY A. BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
*Law Division Room 801                          County Division Room 801
Probate Division Room 1202                      Chancery-Divorce Division Room 802

STATE OF ILLINOIS    )
                         ) SS.

COUNTY OF COOK    )

### THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT - CHANCERY DIVISION

| | |
|---|---|
| SUSAN STARRETT, | ) |
| | ) |
|                 Plaintiff, | ) |
| | ) |
|     v. | ) No. 08 Ch. 05989 |
| | ) |
| | ) |
| FEDEX GROUND PACKAGE | ) |
| SYSTEM INC., a Delaware Corporation | ) Cal. No. 4 |
| FEDERAL EXPRESS CORPORATION, | ) |
| a Delaware Corporation | ) |
| FEDEX CORPORATE SERVICES, | ) |
| INC, a Delaware Corporation | ) |
| FEDEX AIR PACKAGE SYSTEMS INC | ) |
| | ) |
| | ) |
|               Defendants. | ) |

### AMENDED COMPLAINT FOR DECLARATORY JUDGMENT
### AND OTHER RELIEF

Comes now the Plaintiff, SUSAN STARRETT, by her attorneys, Clifford Law

Offices, and asks that, with respect to the Defendants , FEDEX GROUND PACKAGE

SYSTEMS INC., FEDERAL EXPRESS CORPORATION, FEDEX AIR PACKAGE

SYSTEMS INC., FEDERAL EXPRESS CORPORATION, (hereinafter collectively

referred to as "FEDEX"),  her rights under a certain contract (attached hereto as Exhibit

"A") be declared, and upon the declaration of those rights, that she have ancillary and

further relief as is hereinafter described in Courts II, III, and IV, and that this matter be

transferred to the Law Division of this Court for proceedings upon said Counts before a

jury, in support of which the Plaintiff respectfully states as follows:

## INTRODUCTION

Introductory to the actual allegations, it will be helpful for the Court to have some understanding of the background and the context of this case.

1.     Susan Starrett is currently battling against cervical cancer, but has also been compelled to file a lawsuit against certain medical providers whose tardy diagnosis of her condition delayed the commencement of treatment, resulting in her condition being much worse than it would have otherwise been, if it had been properly and promptly diagnosed.

2.     In connection with that medical malpractice case, Starrett's attorneys had to get a medical evaluation in order to comply with the requirements of 735 ILCS 5/2-622 of the Code of Civil Procedure. For this purpose, her pathology slides were sent to one Dr. Robert Austin, who is connected with the prestigious Magee's Women's Hospital in Pittsburgh, Pennsylvania.

3.     Plaintiff, by her attorneys, sent the slides to Dr. Austin via federal express, and also provided him with a prepaid return bill so that the slides could be sent back to her attorneys in Chicago.

4.     Dr. Austin received the slides in good condition, and performed his examinations and prepared his report. On February 24, 2006 he packaged the slides, they, still being in good and undamaged condition, in their case and wrapped them in multiple protective layers such as would allow them to be sent without harm or damage.

5.     On February 27, 2006, Plaintiff, through her agents and attorneys, received the package sent on the prior day via FedEx. The package had been pierced

2

through, as though by a nail, spike or hook, to its very core, with the result that many of the slides were damaged and some wholly destroyed.

6. There is no way that this damage could have been done in the absence of either culpable negligence or intentional design, by those, noting that the package was intended for a law firm, specifically intended a destructive blow against it.

7. Starrett has been injured by the damage done to pathology slides by reason of the expense their damage has occasioned to her in connection with her malpractice proceeding, and additionally the destruction of these slides will certainly have an impact on her malpractice case itself, although the amount of damages suffered thereby cannot yet be ascertained, it is certainly more than the $100.00 amount which FEDEX claims is the limit of its liability.

8. Starrett made a claim with FedEx for the foregoing, and was advised that FedEx deemed that, by reason of contractual terms, its liability was limited to $100.00, irrespective of its degree of culpability, and it accordingly tendered $100.00 to the Plaintiff. The contract on which both parties relied on is attached as Exhibit A, and in pertinent part states:

> "For shipments within the U.S., FedEx liability is limited to US$100 for loss, damage, delay, misdelivery or nondelivery unless you declare a higher value and pay an extra charge."

9. Plaintiff has declined and refused that tender upon the position and belief that this damage is remarkable and beyond the contemplation of the parties when an agreement was made to ship the aforementioned package, and that the character and severity of the damage done to this package is beyond the expectation of ordinary or reasonable minds, and therefore outside the contemplation of the contract, which was not

3

made at arms-length, but was drafted by FedEx which has complete control over its terms

and conditions, and that the law of Illinois will not recognize or enforce such an

opprobrious and unfair exculpatory clause, or consistently with its public policy

considerations, should change the law so that such said clause not be enforceable in

Illinois.

### COUNT I – DECLARATORY JUDGEMENT

For her first Count, Plaintiff seeks a declaratory judgment that FedEx's contract,

so far as it strictly limits a person's claim for recovery to $100.00, is unenforceable in

Illinois, saying:

1-9.    Plaintiff re-alleges the foregoing paragraphs 1-9 as paragraph 1 of this

Count I of her Amended Complaint.

2.    An actual controversy exists between (i) Plaintiff and (ii) FEDEX

concerning their contract in shipping a package and the destruction of said package sent

to Plaintiff, and particularly, whether, under the circumstances of this case, or like

circumstances, the limitation clause is unenforceable.

3.    Plaintiff has a tangible legal interest in resolving the above described

dispute since her remedies against FEDEX have been effectively extinguished by the

purported contractual terms, and she therefore brings this Count pursuant to 735 ILCS

5/2-701.

4.    Resolving the above-described dispute, would terminate all or part of the

dispute between the Plaintiff and Defendant, and allow her to proceed with the ancillary

actions for monetary damages hereinafter alleged as Counts II, III and IV of this

Complaint.

4

WHEREFORE, Plaintiff prays for an Order of this Honorable Court as follows:

A.    Entering a declaratory judgment in favor of Plaintiff and against FEDEX declaring that its contractual limitation of $100.00 on damages for its liability for its damage or destruction of property regardless of the its culpability or other circumstances with respect thereto, be and is unenforceable in the State of Illinois and for all deliveries made to and from this State;

B.    Granting such further declaratory relief as the court deems just and equitable.

## COUNT II – GROSS NEGLIGENCE

For an additional and ancillary Count, in the event that the above-sought rights be declared in favor of the Plaintiff and against FEDEX, then Plaintiff seeks monetary damages for Defendants' gross negligence in connection with its undertaking, stating:

1.    Plaintiff re-alleges the foregoing paragraphs 1-9 of this Complaint as paragraph 1 of this Count II of her Amended Complaint.

2.    On or around February 27, 2007 Defendant FEDEX through its agents, apparent agents, employees and representatives breached its duty with Plaintiff in the following respects:

a.    Defendant FEDEX, through its agents, apparent agents, employees and representatives were willful and wanton and failed to properly and safely ship Plaintiff's package with reasonable care and instead shipped and handled Plaintiff's package with utter indifference;

b.    Defendant otherwise showed utter indifference and conscious disregard and or was grossly negligent with Plaintiff's package.

3.    At all times relevant to this cause of action, Defendant FEDEX, through its agents, apparent agents, employees and representatives was showed a gross and utter

5

indifference and conscious disregard or was grossly negligent in that FEDEX delivered the Plaintiff's package that contained the pathology slides in a utterly damaged and mangled fashion, far from the package's good and original condition.

4.     Plaintiff has been monetarily injured by reason of the foregoing, but cannot, at this point, know exactly the extent of that injury because the underlying medical malpractice case, which will largely determine what damages have been suffered by reason of the foregoing, has not yet been concluded.

5.     That Plaintiff demands trial by jury for this Count.

WHEREFORE, Plaintiff, SUSAN STARRETT, demands judgment against Defendant, FEDEX, in such sum as the jury shall determine.

## COUNT III - INTENTIONAL INJURY

For an additional and ancillary Count, in the event that the above-sought rights be declared in favor of the Plaintiff and against FEDEX, then Plaintiff seeks monetary damages for Defendants' intentional misconduct in connection with its undertaking, stating:

1.    Plaintiff re-alleges the foregoing paragraphs 1-9 as Paragraph 1 of this Count III of her Amended Complaint.

2.    Defendant FEDEX, through its agents, apparent agents, employees and representatives deliberately and intentionally inflicted an injurious and outrageous act upon the Plaintiff's package with the specific intent of damaging its contents and as a result, injured the Plaintiff.

3.    The damage inflicted upon the Plaintiff's package suggests that the Defendant, through its agents, apparent agents, employees and representatives acted in a deliberate and intentionally violent way with respect to the package.

4.    The package was directed to her lawyers, and their address was clearly apparent on the face of the package, and Plaintiff verily believes that the attack inspired by an improper animus and was motivated because the package was directed to attorneys.

5.    On or around February 27, 2007 Defendant FEDEX through its agents, apparent agents, employees and representatives deliberately and intentionally breached its duty with Plaintiff in the following respects:

a.    Defendant FEDEX, through its agents, apparent agents, employees and representatives deliberately and intentionally failed to deliver the Plaintiff's package in good and original condition and instead utterly destroyed the package;

b.    Defendant FEDEX, through its agents, apparent agents, employees and representatives deliberately and intentionally failed to properly and safely ship Plaintiff's package;

c.    Defendant FEDEX, through its agents, apparent agents, employees and representatives acted in a deliberate and intentional manner in regards to their duty to see that the package's carriage was safe and proper and remained in original and good condition;

d.    Defendant otherwise deliberately and intentionally inflicted outrageous damage on Plaintiff's package.

7

6.      Plaintiff has been monetarily injured by reason of the foregoing, but cannot, at this point, know exactly the extent of that injury because the underlying medical malpractice case, which will largely determine what damages have been suffered by reason of the foregoing, has not yet been concluded.

7.  .   That Plaintiff demands trial by jury for this Count.

WHEREFORE, Plaintiff, SUSAN STARRETT, demands judgment against Defendant, FEDEX, in such sum as the jury shall determine.

### COUNT IV - BREACH OF CONTRACT

For an additional and ancillary Count, in the event that the above-sought rights be declared in favor of the Plaintiff and against FEDEX, then Plaintiff seeks monetary damages for Defendants' breach of contract in connection with its undertaking, stating:

1.      Plaintiff re-alleges the foregoing paragraphs 1-9 as Paragraph 1 of its Amended Complaint.

2.      Defendant FEDEX through its agents, apparent agents, employees and representatives had a duty to perform under the contract agreement that was made between Plaintiff and Defendants, that Defendants accepted the Plaintiff's package and stated that it would cause the Plaintiff's package to be delivered in good condition to CLIFFORD LAW OFFICES, P.C.

3.      On or around February 27, 2007 Defendant FEDEX through its agents, apparent agents, employees and representatives breached its contract agreement with Plaintiff in the following respects:

8

    a.    Defendant FEDEX, through its agents, apparent agents, employees and representatives failed to deliver the Plaintiff's package in good and original condition and instead serious damaged package and its contents;

    b.    Defendant FEDEX, through its agents, apparent agents, employees and representatives were willful and wanton and failed to properly and safely ship Plaintiff's package with reasonable care;

    c.    Defendant otherwise showed utter indifference and conscious disregard and or was grossly negligent with Plaintiff's package.

    d.    Defendant failed to adhere to the terms of the contract agreement and by utter indifference and conscious disregard breached the contract agreement;

4.    Plaintiff has been monetarily injured by reason of the foregoing, but cannot, at this point, know exactly the extent of that injury because the underlying medical malpractice case, which will largely determine what damages have been suffered by reason of the foregoing, has not yet been concluded.

5.    That Plaintiff demands trial by jury for this Count.

WHEREFORE, Plaintiff, SUSAN STARRETT, demands judgment against Defendant, FEDEX, in such sum as the jury shall determine.

Respectfully Submitted,

_____
Attorney for Plaintiff

Mike S. Krzak
Colin H. Dunn
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street, Suite 3100
Chicago, Illinois 60602
(312) 899-9090
Firm I.D. No. 3264

9

STATE OF ILLINOIS        )
                         ) SS.
COUNTY OF COOK           )

THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CHANCERY DIVISION

SUSAN STARRETT,                          )
                                         )
                Plaintiff,               )
                                         )
        v.                               )
                                         )
                                         )
FEDEX GROUND PACKAGE                     )
SYSTEM INC., a Delaware Corporation      )
FEDERAL EXPRESS CORPORATION,             )
a Delaware Corporation                   )
FEDEX CORPORATE SERVICES,                )
INC, a Delaware Corporation              )
FEDEX AIR PACKAGE SYSTEMS INC            )
                                         )
                                         )
                Defendants.              )

## COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

Comes now the Plaintiff, SUSAN STARRETT, by her attorneys, Clifford Law

Offices, and asks that, with respect to the Defendants , FEDEX GROUND PACKAGE

SYSTEMS INC., FEDERAL EXPRESS CORPORATION, FEDEX AIR PACKAGE

SYSTEMS INC., FEDERAL EXPRESS CORPORATION, (hereinafter collectively

referred to as "FEDEX"),  her rights under a certain contract (attached hereto as Exhibit

"A") be declared, and upon the declaration of those rights, that she have ancillary and

further relief as is hereinafter described in Courts II, III, and IV, and that this matter be

transferred to the Law Division of this Court for proceedings upon said Counts before a

jury, in support of which the Plaintiff respectfully states as follows:

## INTRODUCTION

Introductory to the actual allegations, it will be helpful for the Court to have some understanding of the background and the context of this case.

1.      Susan Starrett is currently battling against cervical cancer, but has also been compelled to file a lawsuit against certain medical providers whose tardy diagnosis of her condition delayed the commencement of treatment, resulting in her condition being much worse than it would have otherwise been, if it had beeen properly and promptly diagnosed.

2.      In connection with that medical malpractice case, Starrett's attorneys had to get a medical evaluation in order to comply with the requirements of 735 ILCS 5/2-622 of the Code of Civil Procedure.  For this purpose, her pathology slides were sent to one Dr. Robert Austin, who is connected with the prestigious Magee's Women's Hospital in Pittsburgh, Pennsylvania.

3.      Plaintiff, by her attorneys, sent the slides to Dr. Austin via federal express, and also provided him with a prepaid return bill so that the slides could be sent back to her attorneys in Chicago.

4.      Dr. Austin received the slides in good condition, and performed his examinations and prepared his report.  On February 24, 2006 he packaged the slides, they, still being in good and undamaged condition, in their case and wrapped them in multiple protective layers such as would allow them to be sent without harm or damage.

5.      On February 27, 2006, Plaintiff, through her agents and attorneys, received the package sendton the prior day via FedEx.  The package had been pierced

through, as though by a nail, spike or hook, to its very core, with the result that many of
the slides were damaged and some wholly destroyed.

6.    There is no way that this damage could have been done in the absence of
either culpable negligence or intentional design, by those, noting that the package was
intended for a law firm, specifically intended a destructive blow against it.

7.    Starrett has been injured by the damage done to pathology slides by reason
of the expense their damage has occasioned to her in connection with her malpractice
proceeding, and additionally the destruction of these slides will certainly have an impact
on her malpractice case itself, although the amount of damages suffered thereby cannot
yet be ascertained, it is certainly more than the $100.00 amount which FEDEX claims is
the limit of its liability.

8.    Starrett made a claim with FedEx for the foregoing, and was advised that
FedEx deemed that, by reason of contractual terms, its liability was limited to $100.00,
irrespective of its degree of culpability, and it accordingly tendered $100.00 to the
Plaintiff. The contract on which both parties relied on is attached as **Exhibit A**, and in
pertinent part states:

> "For shipments within the U.S., FedEx liability is limited to US$100 for
> loss, damage, delay, misdelivery or nondelivery unless you declare a
> higher value and pay an extra charge."

9.    Plaintiff has declined and refused that tender upon the position and belief
that this damage is remarkable and beyond the contemplation of the parties when an
agreement was made to ship the aforementioned package, and that the character and
severity of the damage done to this package is beyond the expectation of ordinary or
reasonable minds, and therefore outside the contemplation of the contract, which was not

made at arms-length, but was drafted by FedEx which has complete control over its terms and conditions, and that the public policy of Illinois will not recognize or enforce such an opprobrious and unfair exculpatory clause.

## COUNT I – DECLARATORY JUDGEMENT

For her first Count, Plaintiff seeks a declaratory judgment that FedEx's contract, so far as it strictly limits a person's claim for recovery to $100.00, is unenforceble in Illinois, saying:

1.    Plaintiff re-alleges the foregoing paragraphs 1-9 and paragraphs 1 – 9 of this Count I of her Complaint.

2    An actual controversy exists between (i) Plaintiff and (ii) FEDEX concerning their contract in shipping a package and the destruction of said  package sent to Plaintiff, and particularly, whether, under the circumstances of this case, or like circumstances, the limitation clause is unenforcible.

3.    Plaintiff has a tangible legal interest in resolving the above described dispute since her remedies have been effectively extinguished by the purported contractual terms, and she therefore brings this Count pursuant to 735 ILCS 5/2-701.

4.    Resolving the above-described dispute, would terminate all or part of the dispute between the Plaintiff and Defendant, and allow her to proceed with the ancillary actions for monetary damages hereinafter alleged as Counts II, III and IV of this Complaint.

WHEREFORE, Plaintiff prays for an Order of this Honorable Court as follows:

A.   Entering a declaratory judgment in favor of Plaintiff and against FEDEX declaring that its contractual limitation of $100.00 on damages for its liability for its damage or destruction of property regardless of the its culpability or other circumstances with respect thereto, be and is unenforceable in the State of Illinois and for all deliveries made to and from this State;

B.   Granting such further declaratory relief as the court deems just and equitable.

## COUNT II – GROSS NEGLIGENCE

For an additional and ancillary Count, in the event that the above-sought rights be declared in favor of the Plaintiff and against FEDEX, then Plaintiff seeks monetary damages for Defendants gross negligence in connection with its charge and undertaking, stating:

1.   Plaintiff re-alleges the foregoing paragraphs 1-9 of this Complaint.

2.   On or around February 27, 2007 Defendant FEDEX through its agents, apparent agents, employees and representatives breached its duty with Plaintiff in the following respects:

a.   Defendant FEDEX, through its agents, apparent agents, employees and representatives failed to deliver the Plaintiff's package in good and original condition and instead horrifically destroyed the package beyond recognition;

b.   Defendant FEDEX, through its agents, apparent agents, employees and representatives were willful and wanton and failed to properly and safely ship Plaintiff's package with reasonable care and instead shipped Plaintiff's package with utter indifference;

c.   Defendant otherwise showed utter indifference and conscious disregard and or was grossly negligent with Plaintiff's package.

5

3.    At all times relevant to this cause of action, Defendant FEDEX, through its agents, apparent agents, employees and representatives was showed a deliberate and utter indifference and conscious disregard or was grossly negligent in that FEDEX delivered the Plaintiff's package that contained the pathology slides in a horribly damaged and mangled fashion, far from the package's good and original condition.

4.    Prior to the destruction of the pathology slides, Plaintiff had a reasonable probability of succeeding in a medical malpractice lawsuit against various doctors and healthcare centers, wherein she would have been entitled to recover damages, past and future medical expenses, past and future loss of income, past and future pain and suffering, and past and future emotion trauma.

5    Plaintiff has been monetarily injured by reason of the foregoing, but cannot, at this point, know exactly the extent of that injury because the underlying medical malpractice case, which will largely determine the damages suffered, has not yet been concluded.

6.    That Plaintiff demands trial by jury for this Count.

## COUNT III - INTENTIONAL INJURY

For an additional and ancillary Count, in the event that the above-sought rights be declared in favor of the Plaintiff and against FEDEX, then Plaintiff seeks monetary damages for Defendants gross negligence in connection with its charge and undertaking, stating:

6

1    Plaintiff re-alleges the foregoing paragraphs 1-9 of this Complaint.

2.    Defendant FEDEX, through its agents, apparent agents, employees and representatives deliberately and intentionally inflicted an injurious and outrageous act upon the Plaintiff's package with the specific intent of damaging its contents and as a result, injured the Plaintiff.

3.    The damage inflicted upon the Plaintiff's package suggests that the Defendant, through its agents, apparent agents, employees and representatives acted in a deliberate and intentionally violent way with the package because there is a sole gauge that has been wrought straight through the package. There is no other damage to the package outside this isolated gauge.

4.    The damage inflicted upon the Plaintiff's package suggests that the Defendant, through its agents, apparent agents, employees and representatives acted in a deliberate and intentionally violent way fueled by hate for the Plaintiff or doctors because the label would be clear to any viewer of the package that it was being sent from a doctor to a law firm.

5.    On or around February 27, 2007 Defendant FEDEX through its agents, apparent agents, employees and representatives deliberately and intentionally breached its duty with Plaintiff in the following respects:

    a.    Defendant FEDEX, through its agents, apparent agents, employees and representatives deliberately and intentionally failed to deliver the Plaintiff's package in good and original  condition and instead horrifically destroyed the package beyond recognition;

    b.    Defendant FEDEX, through its agents, apparent agents, employees and representatives were deliberate and intentionally willful and wanton and failed to properly and safely ship Plaintiff's package with reasonable care;

7

        c.      Defendant FEDEX, through its agents, apparent agents, employees and representatives acted in a deliberate manner, intentionally and in wanton manner in regards to their duty to see that the package's carriage was safe and proper and remained in original and good condition;

        c.      Defendant otherwise deliberately and intentionally inflicted an injurious outrage on Plaintiff's package and rendered it utterly destroyed.

6.    At all times relevant to this cause of action, Defendant FEDEX, through its agents, apparent agents, employees and representatives intentionally and knowingly showed a deliberate indifference and conscious disregard for Plaintiff's package in a manner rendering it's existence beyond comprehension and was intentionally negligent in that FEDEX delivered the Plaintiff's package that contained the pathology slides in a horrible damaged and mangled fashion, far from the package's good and original condition.

7.    Prior to the destruction of the pathology slides, Plaintiff had a reasonable probability of succeeding in a medical malpractice lawsuit against various doctors and healthcare centers, wherein she would have been entitled to recover damages, past and future medical expenses, past and future loss of income, past and future pain and suffering, and past and future emotion trauma.

8.    Plaintiff has been monetarily injured by reason of the foregoing, but cannot, at this point, know exactly the extent of that injury because the underlying medical malpractice case, which will largely determine the damages suffered, has not yet been concluded.

9.    That Plaintiff demands trial by jury for this Count.

8

## COUNT IV - BREACH OF CONTRACT

For an additional and ancillary Count, in the event that the above-sought rights be declared in favor of the Plaintiff and against FEDEX, then Plaintiff seeks monetary damages for Defendants gross negligence in connection with its charge and undertaking, stating:

1.    Plaintiff re-alleges the foregoing paragraphs 1-19 of this Complaint.

2.    Defendant FEDEX through its agents, apparent agents, employees and representatives had a duty to perform under the contract agreement that was made between Plaintiff and Defendant, that Defendant accepted the Plaintiff's package and stated that it would cause the Plaintiff's package that contained the pathology slides to be delivered in good condition to CLIFFORD LAW OFFICES, P.C.

3.    On or around February 27, 2007 Defendant FEDEX through its agents, apparent agents, employees and representatives breached its contract agreement with Plaintiff in the following respects:

    a.    Defendant FEDEX, through its agents, apparent agents, employees and representatives failed to deliver the Plaintiff's package in good and original condition and instead horrifically destroyed the package beyond recognition;

    b.    Defendant FEDEX, through its agents, apparent agents, employees and representatives were willful and wanton and failed to properly and safely ship Plaintiff's package with reasonable care;

    c.    Defendant otherwise showed utter indifference and conscious disregard and or was grossly negligent with Plaintiff's package.

    d.    Defendant failed to adhere to the terms of the contract agreement and by utter indifference and conscious disregard breached the contract agreement;

9

4.      Prior to the destruction of the pathology slides, Plaintiff had a reasonable probability of succeeding in a medical malpractice lawsuit against various doctors and healthcare centers, wherein she would have been entitled to recover damages, past and future medical expenses, past and future loss of income, past and future pain and suffering, and past and future emotional trauma.

5.      Plaintiff has been monetarily injured by reason of the foregoing, but cannot, at this point, know exactly the extent of that injury because the underlying medical malpractice case, which will largely determine the damages suffered, has not yet been concluded.

6.      That Plaintiff demands trial by jury for this Count.

Respectfully Submitted,

_____
Attorney for Plaintiff

Colin H. Dunn
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street, Suite 3100
Chicago, Illinois 60602
(312) 899-9090
Firm I.D. No. 32640

10



# FedEx® Express

## Extremely Urgent

# Envelope

## What is the weight limit for the FedEx® Envelope rate?

Eight ounces — including the FedEx Envelope, airbill and contents (up to approximately thirty 8½" x 11" pages). If it exceeds the gross weight limit, a higher rate will apply.

## What can be shipped in the FedEx Envelope?

This envelope is designed for documents. Contents should be compatible with the container and packed securely to help assure safe transportation with ordinary care in handling. Shipments within the U.S. with a value greater than US$500 should not be shipped in this envelope. International shipments with a value in excess of US$100 for carriage or customs should not be shipped in this envelope. Do not send cash, cash equivalent or other prohibited items. This envelope is for FedEx Express shipments only. Any other use is prohibited.

## What is the FedEx limit of liability?

**For shipments within the U.S.,** FedEx liability is limited to US$100 for loss, damage, delay, misdelivery or nondelivery unless you declare a higher value and pay an extra charge. The maximum declared value for the contents of this envelope is US$500. See the current FedEx Service Guide or the FedEx® US Airbill for details.

**For international shipments,** FedEx liability is limited to US$100 for damage, delay or loss of shipments by surface or air and may be further limited by certain treaties, including the Warsaw Convention, typically to US$9.07 per pound. See the current FedEx Service Guide or the FedEx® International Air Waybill for details.

## Want more information?

Go to **fedex.com**, or call 1.800.GoFedEx 1.800.463.3339 for U.S. domestic shipments, 1.800.247.4747 for international shipments. Call your local FedEx office if you are outside the U.S.

© 2005 FedEx 155477 REV 9/05 RT



100% Recycled Paperboard®
MINIMUM 35% POST-CONSUMER CONTENT

Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6721 | **DATE** | 2/5/2008 |
| **CASE TITLE** | Solovy et al vs. Federal Express Corporation et al | | |

**DOCKET ENTRY TEXT**

For the reasons stated herein, Plaintiff's Motion to Reconsider [22] is denied. Defendants need not file a responsive pleading to said Motion. Status hearing set for Wednesday, 2/13/2008 at 9:00 AM.

```
                    08CV1611        TC
                    JUDGE LEFKOW
                    MAGISTRATE JUDGE COLE
```

■[ For further details see text below.]                    Notices mailed by Judicial staff.

---

## STATEMENT

Plaintiff Jerold Solovy ("Solovy") initially filed suit against FedEx Ground Package System, Inc. ("FedEx Ground"), Federal Express Corporation ("FedEx Express"), FedEx Custom Critical, Inc., FedEx Kinko's Office and Print Services, Inc., FedEx Corporation, and FedEx Corporate Services, Inc. (collectively "FedEx") in the Circuit Court of Cook County, Illinois. FedEx's notice of removal claimed, among other things, the existence of a federal subject matter jurisdiction under federal common law and 28 U.S.C. § 1331 as well as 49 U.S.C. § 14706 (the "Carmack Amendment") and 28 U.S.C. § 1337. In response, Solovy filed a Motion to Remand the matter to the Circuit Court of Cook County, Illinois, which the Court denied.

The current Action arises out of Solovy's attempt to ship a necklace from Florida to Illinois via FedEx, a nationwide parcel delivery service. According to Plaintiff's allegations, on February 9, 2007, Solovy placed the necklace in a FedEx box, filled out an "air bill" with a corresponding FedEx tracking number, and contacted FedEx for the purposes of picking up two packages destined for Chicago - one containing the necklace (the "necklace package" or "necklace") and another containing items to be delivered to a Polo store (the "Polo store package"). According to Plaintiff's allegations again, FedEx, through it agent, apparent agent, employee, and representative, arrived at Solovy's residence, expressly agreed to accept the necklace package and cause it to be delivered to Chicago. Subsequently, FedEx delivered the Polo store package to its correct location, but failed to deliver the necklace package. As a result, Solovy filed the current Action, alleging the following nine claims: (1) breach of bailment agreement; (2) conversion; (3) fraudulent misrepresentation; (4) negligent misrepresentation; (5) negligent hiring; (6) negligent supervision; (7) negligent retention; (8) negligence; and (9) mischance.

In its initial Notice of Removal and subsequent response to Solovy's Motion for Remand, FedEx Express and FedEx Ground argued that this Action was properly removed to federal court pursuant to 28 U.S.C. § 1441.[1] Specifically, FedEx Express and FedEx Ground asserted that, to the extent that FedEx Express was involved with

---

07C6721 Solovy et al vs. Federal Express Corporation et al                    Page 1 of 4

# STATEMENT

the shipment at issue, this Court has jurisdiction under federal common law. Similarly, to the extent that FedEx Ground was involved with the shipment, the defendants contend that this Court has jurisdiction by reason of the Carmack Amendment. Relying on *Treiber & Straub, Inc. v. United Parcel Serv.*, 474 F.3d 379 (7th Cir. 2007), the Court agreed with the former argument and concluded that removal to federal court was proper under federal common law and 28 U.S.C. § 1331.

Now before the Court is Solovy's Motion to Reconsider the Court's previous denial of Solovy's Motion for Remand. A motion for reconsideration is appropriate when filed on the basis of newly discovered material evidence or a manifest error of law or fact. *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). The Seventh Circuit defines "manifest error" as "'wholesale disregard, misapplication, or failure to recognize controlling precedent'" on the part of the court. *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (*quoting Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). In this case, Solovy argues that the Court's previous reliance on *Treiber* represents a manifest error of law and fact because: (1) the Court incorrectly interpreted and applied *Treiber* to the present case and (2) Solovy's claims are factually distinguishable from *Treiber*. For the reasons set forth below, the Court concludes that its previous denial of Solovy's Motion for Remand does not represent a manifest error of law or fact.

With respect to the first argument, Solovy contends that this Court incorrectly interpreted and applied *Treiber* to the current Action by holding that federal common law "completely preempted" Solovy's claims and "created a removable interest." Solovy misinterprets the Court's previous ruling. As explained by the Court during a January 24, 2008 hearing regarding the Motion for Remand, the Court does not interpret the Seventh Circuit's decision in *Treiber* as standing for the proposition that federal common law completely preempts all state law claims for lost or damaged goods transported by air, nor did the Court base its conclusion on the complete preemption doctrine. Rather, this Court concluded that, to the extent that Solovy's claims relate to lost goods transported by a common air carrier, those claims arise under federal common law and, therefore, fall within the Court's federal question jurisdiction. In making this determination, the Court found instructive the Fifth Circuit's decision in *Sam L. Majors Jewelers v. ABX, Inc.*, 117 F.3d 922 (5th Cir. 1997) and the Seventh Circuit's recent holding in *Treiber & Straub, Inc. v. United Parcel Serv.*, 474 F.3d 379.

In *Sam L. Majors*, the plaintiff initially filed suit in state court alleging, among other things, negligence on the part of the defendant air in conjunction with the defendant's loss of or damage to plaintiff's shipments. 117 F.3d at 923-24. The defendant then removed the action to federal court, asserting that the suit was governed by federal law. *Id.* at 924. Before determining whether removal to federal court was proper, the Fifth Circuit explained that any one of the following three theories would support removal and federal question jurisdiction: (1) the complaint raises an express or implied cause of action that exists under a federal statute; (2) an area of law is completely preempted by the federal regulatory regime; or (3) the cause of action arises under federal common law principles. *Id.* at 925. After offering an extensive analysis regarding the history of federal common law liability of common carriers and the regulation and deregulation of air carriers, the Fifth Circuit concluded that claims for lost or damaged goods transported by an air carrier arise under federal common law. *Id.* at 925-29. Because plaintiff's negligence claim related to a common air carrier's loss of or damage to plaintiff's shipments, the court concluded that the negligence claim arose under federal common law. *Id.* Thus, the defendant properly removed the suit to federal court. *Id.* at 929.

Subsequently, in *Treiber*, the Seventh Circuit relied on the Fifth Circuit's decision in *Sam L. Majors* when evaluating whether it retained federal question jurisdiction over a federal common law claim against a common air carrier for lost or damaged goods. After noting that several other circuits had already concluded that such claims arise under federal common law, and highlighting the analysis set forth in *Sam L. Majors*, the Seventh Circuit joined the Fifth Circuit by holding that "a claim for lost or damaged goods transported by a common air

## STATEMENT

carrier arises under federal common law and thus falls within the district court's federal question jurisdiction." *Treiber*, 474 F.3d at 384.

As highlighted by *Sam L. Majors* and *Treiber*, this Court's power to exercise federal question jurisdiction over the current suit flows from principles of federal common law, not from the complete preemption doctrine. Thus, to the extent that Solovy asserts "claim[s] for lost or damaged goods transported by a common air carrier," this Court did not misapply *Treiber* by concluding that such claims arise under federal common law and fall within this Court's federal question jurisdiction.[2]

Solovy further contends that the Court committed a manifest error by denying his Motion for Remand because Solovy's allegations concern only the conversion of Solovy's property rather than the shipment and loss of property. Unfortunately for Plaintiff, those are not the only allegations pleaded in his complaint. To determine the presence or absence of federal question jurisdiction, the Court generally looks no further than the allegations contained in the plaintiff's "well-pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). As the Court previously concluded, Solovy's general and claim-specific allegations bring this Action within the ambit of federal question jurisdiction. For instance, Solovy alleges that he filled out an air bill with a corresponding FedEx tracking number so his package could be shipped from Florida to Illinois. He further alleges that, despite the express agreement from a FedEx agent, apparent agent, employee and representative to accept the necklace package and cause it to be delivered to Chicago, FedEx failed to return or deliver the necklace package. With respect to Solovy's negligence claim (Count VIII), Solovy also alleges that FedEx breached its duty by failing to deliver the package, properly track the package, return the package, and "notify the Plaintiff that his package was lost, misplaced, and/or misdelivered." Noticeably absent from the negligence claim is any allegation related to conversion or theft of the necklace. Instead, Solovy frames the negligence cause of action as a claim for lost goods transported by an air carrier. In light of such allegations, the Court concludes that, at a minimum, Count VIII of Solovy's well-pleaded complaint arises under federal common law and falls within this Court's federal question jurisdiction.[3] *See Illinois v. City of Milwaukee*, 406 U.S. 91, 100, 92 S. Ct. 1385, 31 L. Ed. 2d 712 (1972); *see also Sam L. Majors*, 117 F.3d at 925-29; *W. Sec. Co. v. Derwinski*, 937 F.2d 1276, 1280 (7th Cir. 1991) (removal proper where suit was governed by federal common law and thus arose under federal law for the purposes of 28 U.S.C. § 1331).

The Court further notes that, to the extent that this Action involves FedEx Ground, removal from state court was likely proper under the Carmack Amendment, 28 U.S.C. § 1337(a),[4] and the complete preemption doctrine.[5] The Carmack Amendment governs the liability of common carriers to shippers for loss of, or damage to, interstate shipments.[6] *N. Am. Van Lines, Inc. v. Pinkerton Sec. Sys., Inc.*, 89 F.3d 452, 455 (7th Cir. 1996). Because the purpose of the Carmack Amendment is to establish uniform federal guidelines to reduce uncertainty in connection with a carrier's liability, it has a broad preemptive scope over state and common law claims arising out of interstate shipments. *Hughes v. United Van Lines, Inc.*, 829 F.2d 1407, 1415 (7th Cir. 1987). The Supreme Court, when addressing this preemptive scope, noted that "[a]lmost every detail of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject and supersede all state regulation with reference to it." *Adams Express Co. v. Croninger*, 226 U.S. 491, 505-06, 33 S. Ct. 148, 57 L. Ed. 314 (1913). Several courts, including the Ninth and Fifth Circuits, have since concluded that the Carmack Amendment completely preempts state law claims. *See, e.g., Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 688 (9th Cir. 2007); *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 777 (5th Cir. 2003); *Ducham v. Reebie Allied Moving & Storage, Inc.*, 372 F. Supp. 2d 1076, 1079 (N.D. Ill. 2005); *Woods v. Unigroup*, 945 F. Supp. 1255 (E.D. Mo. 1996). While the Seventh Circuit has yet to expressly address whether the statute completely preempts state law, it has recognized that the statute ordinarily preempts "all state or common law remedies available to a shipper against a carrier for loss or damage to interstate shipment," *N. Am. Van Lines*, 89 F.3d at 456, and that the purpose of the statute is to establish

## STATEMENT

uniformity, *Hughes,* 829 F.2d at 1415. In light of the purpose of the Carmack Amendment and the Seventh Circuit's recognition of its purpose and preemptive effect, the Court would be inclined to adopt the reasoning employed by the Fifth and Ninth Circuits and conclude that the Carmack Amendment completely preempts state law. Nevertheless, the Court need not make such a determination at this time because, as previously noted, FedEx properly removed this Action under federal common law and 28 U.S.C. § 1331.

Because Solovy asserts a claim for lost or damaged goods transported by a common air carrier, the Court concludes that it did not commit a manifest error of law or fact by denying Solovy's Motion for Remand. Further, to the extent that federal common law establishes the Court's original jurisdiction, the Court also has the power to exercise supplemental jurisdiction over Solovy's state law claims under 28 U.S.C. § 1367(a). The state law claims are so related to the federal claims that they form part of the same case or controversy under Article III for the purposes of supplemental jurisdiction. 28 U.S.C. § 1367(a). Accordingly, Plaintiff's Motion to Reconsider is denied. Defendants need not file a responsive pleading to the Motion to Reconsider.

---

1. Under 28 U.S.C. § 1441(a), district courts have removal jurisdiction over any claim that could have been brought in federal court originally.

2. The parties do not contest that FedEx Express's status as an air carrier, nor does the Court find any reason to do so.

3. Solovy also argues that *Treiber* does not apply to the current Action because, in the present case, FedEx initially denied that a FedEx driver accepted Solovy's necklace package in a letter to Solovy and subsequently stated that they were without knowledge or information sufficient to answer Solovy's allegation in Count II that FedEx converted Solovy's property. As noted above, courts generally look no further than the allegations contained in the plaintiff's "well-pleaded complaint" to determine the presence or absence of federal question jurisdiction. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). A case will not be removed to federal court on the basis of a federal defense. *Id.* at 393. Because the Court must focus on Solovy's allegations, FedEx's denial or failure to admit that it took possession of the necklace package is irrelevant to the current analysis. As noted by the Court in its January 24, 2008 ruling and again in the current order, Solovy's allegations state a claim for lost goods transported by a common air carrier and, therefore, falls within the Court's federal question jurisdiction.

4. Under 28 U.S.C. § 1337(a), original jurisdiction exists for any civil action brought pursuant to the Carmack Amendment "only if the matter in controversy for each receipt or bill of lading exceeds $ 10,000, exclusive of interest and costs." 28 U.S.C. § 1337(a).

5. Under the complete preemption doctrine, a well-pleaded state law claim presents a federal question when a federal statute has completely preempted that particular area of law. *Caterpillar, Inc.,* 482 U.S. at 392. "Once an area of state law has been completely pre-empted, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim" that arises under federal law. *Id.*

6. The parties do not contest that FedEx Ground's status as a common carrier subject to the Carmack Amendment, nor does the Court find any reason to do so.