21036-PJK                                                                                    Case No. 08 C 1611

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Susan Starrett**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.    **08 C 1611** |
| ) | |
| **FedEx Ground Package System, Inc.,** a ) | Judge Lefkow |
| Delaware Corporation; **Federal Express** ) | |
| **Corporation,** a Delaware Corporation; ) | Magistrate Judge Cole |
| **FedEx Corporate Services, Inc.**, a ) | |
| Delaware Corporation; **FedEx Air Package** ) | |
| **Systems, Inc.** ) | |
| ) | |
| Defendants. ) | |

**FEDEX GROUND PACKAGE SYSTEM, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

The Defendant, FedEx Ground Package System, Inc. ("FedEx Ground")[1], by and through its attorneys, O'Hagan Spencer LLC, and for its Answer to the Amended Complaint for Declaratory Judgment and Other Relief filed by Plaintiff, Susan Starrett, states as follows:

## INTRODUCTION

1. Susan Starrett is currently battling against cervical cancer, but has also been compelled to file a lawsuit against certain medical providers whose tardy diagnosis of her condition delayed the commencement of treatment, resulting in her condition being much worse than it would have otherwise been, if it had been properly and promptly diagnosed.

**ANSWER:** **Defendant FedEx Ground lacks sufficient information or belief to form an Answer as to the truth or falsity of the allegations contained in Paragraph 1 of Plaintiffs' Amended Complaint for Declaratory**

---

[1] FedEx Air Package Systems, Inc. does not exist.

>       **Judgment and therefore denies same pursuant to Fed. R. Civ. Pro. 8(b)(5).**

2. In connection with that medical malpractice case, Starrett's attorneys had to get a medical evaluation in order to comply with the requirements of 735 ILCS 5/2-622 of the Code of Civil Procedure. For this purpose, her pathology slides were sent to one Dr. Robert Austin, who is connected with the prestigious Magee's Women's Hospital in Pittsburgh, Pennsylvania.

**ANSWER:** **Defendant FedEx Ground lacks sufficient information or belief to form an Answer as to the truth or falsity of the allegations contained in Paragraph 2 of Plaintiffs' Amended Complaint for Declaratory Judgment and therefore denies same pursuant to Fed. R. Civ. Pro. 8(b)(5).**

3. Plaintiff, by her attorneys, sent the slides to Dr. Austin via federal express, and also provided him with a prepaid return bill so that the slides could be sent back to her attorneys in Chicago.

**ANSWER:** **Defendant FedEx Ground lacks sufficient information or belief to form an Answer as to the truth or falsity of the allegations contained in Paragraph 3 of Plaintiffs' Amended Complaint for Declaratory Judgment and therefore denies same pursuant to Fed. R. Civ. Pro. 8(b)(5).**

4. Dr. Austin received the slides in good condition, and performed his examinations and prepared his report. On February 24, 2006 he packaged the slides, they, still being in good and undamaged condition, in their case and wrapped them in multiple protective layers such as would allow them to be sent without harm or damage.

**ANSWER:** **Defendant FedEx Ground lacks sufficient information or belief to form an Answer as to the truth or falsity of the allegations contained in Paragraph 4 of Plaintiffs' Amended Complaint for Declaratory Judgment and therefore denies same pursuant to Fed. R. Civ. Pro. 8(b)(5).**

5.       On February 27, 2006, Plaintiff, through her agents and attorneys, received the package sent on the prior day via FedEx. The package had been pierced through, as though by a nail, spike or hook, to its very core, with the result that many of the slides were damaged and some wholly destroyed.

**ANSWER:    Defendant FedEx Ground lacks sufficient information or belief to form an Answer as to the truth or falsity of the allegations contained in Paragraph 5 of Plaintiffs' Amended Complaint for Declaratory Judgment and therefore denies same pursuant to Fed. R. Civ. Pro. 8(b)(5).**

6.       There is no way that this damage could have been done in the absence of either culpable negligence or intentional design, by those, noting that the package was intended for a law firm, specifically intended a destructive blow against it.

**ANSWER:    FedEx Ground denies the allegations contained in Paragraph 6 of Plaintiff's Amended Complaint for Declaratory Judgment.**

7.       Starrett has been injured by the damage done to pathology slides by reason of the expense their damage has occasioned to her in connection with her malpractice proceeding, and additionally the destruction of these slides will certainly have an impact on her malpractice case itself, although the amount of damages suffered thereby cannot yet be ascertained, it is certainly more than the $100.00 amount which FEDEX claims is the limit of its liability.

**ANSWER:    Defendant FedEx Ground lacks sufficient information or belief to form an Answer as to the truth or falsity of the allegations contained in Paragraph 7 of Plaintiffs' Amended Complaint for Declaratory Judgment and therefore denies same pursuant to Fed. R. Civ. Pro. 8(b)(5).**

8.       Starrett made a claim with FedEx for the foregoing, and was advised that FedEx deemed that, by reason of contractual terms, its liability was limited to $100.00, irrespective of its degree of culpability, and it accordingly tendered $100.00 to the

21036-PJK                                                                                            Case No. 08 C 1611

Plaintiff. The contract on which both parties relied on is attached as **Exhibit A**, and in pertinent part states:

> "For shipments within the U.S., FedEx liability is limited to US $100 for loss, damage, delay, misdelivery or nondelivery unless you declare a higher value and pay an extra charge."

**ANSWER:** **FedEx Ground denies that Starrett has ever made a claim for damage with FedEx Ground. Upon information and belief, FedEx admits that a claim was made by another party, and that FedEx did determine that its liability was limited to $100.00, irrespective of any degree of fault, and that FedEx tendered $100.00 to the claimant. FedEx denies that the contract of carriage at issue in this matter is embodied in Exhibit A to the Amended Complaint, although FedEx admits that the contract of carriage does contain the following language: "For shipments within the U.S., FedEx liability is limited to U.S. $100.00 for loss, damage, delay, misdelivery or non-delivery unless you declare a higher value and pay an extra charge."**

9. Plaintiff has declined and refused that tender upon the position and belief that this damage is remarkable and beyond the contemplation of the parties when an agreement was made to ship the aforementioned package, and that the character and severity of the damage done to this package is beyond the expectation of ordinary or reasonable minds, and therefore outside the contemplation of the contract, which was not made at arms-length, but was drafted by FedEx which has complete control over its terms and conditions, and that the law of Illinois will not recognize or enforce such an opprobrious and unfair exculpatory clause, or consistently with its public policy considerations, should change the law so that such said clause not be enforceable in Illinois.

**ANSWER:** **FedEx Ground lacks sufficient information to determine the truth of the averments regarding the reasons for refusal to accept FedEx's limit of liability in this matter and therefore denies the same pursuant to Fed. R. Civ. Pro. 8(b)(5). FedEx Ground further denies that the law of Illinois is applicable to the claim which is the subject of this**

21036-PJK                                                                                           Case No. 08 C 1611

> **dispute, and further avers that claims for loss or damage to goods in domestic interstate air transit are governed exclusively by the federal common law.**

## COUNT I – DECLARATORY JUDGMENT

1. Plaintiff re-alleges the foregoing paragraphs 1-9 as paragraph 1 of this Count I of her Amended Complaint.

**ANSWER:** **FedEx Ground re-alleges and re-states its Answers to Paragraphs 1 – 9 as and for Paragraph 1 of Count I of Plaintiffs' Amended Complaint for Declaratory Judgment.**

2. An actual controversy exists between (i) Plaintiff and (ii) FEDEX concerning their contract in shipping a package and the destruction of said package sent to Plaintiff, and particularly, whether, under the circumstances of this case, or like circumstances, the limitation clause is unenforcible.

**ANSWER:** **FedEx Ground denies the allegations contained in Paragraph 2 of Count I of Plaintiff's Amended Complaint for Declaratory Judgment.**

3. Plaintiff has a tangible legal interest in resolving the above described dispute since her remedies against FedEx have been effectively extinguished by the purported contractual terms, and she therefore brings this Court pursuant to 735 ILCS 5/2-701.

**ANSWER:** **FedEx Ground denies the allegations contained in Paragraph 2 of Count I of Plaintiff's Amended Complaint for Declaratory Judgment.**

4. Resolving the above-described dispute, would terminate all or part of the dispute between the Plaintiff and Defendant, and allow her to proceed with the ancillary actions for monetary damages hereinafter alleged as Counts II, III and IV of this Complaint.

**ANSWER:** **FedEx Ground denies the allegations contained in Paragraph 2 of Count I of Plaintiff's Amended Complaint for Declaratory Judgment.**

21036-PJK                                                                                                    Case No. 08 C 1611

WHEREFORE, FedEx Ground Package Systems, Inc. requests that this Court enter an order dismissing Plaintiff's Amended Complaint with prejudice, and order such further relief as it deems just.

## COUNT II – GROSS NEGLIGENCE

1. Plaintiff re-alleges the foregoing paragraphs 1-9 of this Complaint as paragraph 1 of this Count II of her Amended Complaint.

**ANSWER:** **FedEx Ground re-alleges and re-states its Answers to Paragraphs 1 – 9 as and for Paragraph 1 of Count II of Plaintiffs' Amended Complaint for Declaratory Judgment.**

2. On or around February 27, 2007 Defendant FEDEX through its agents, apparent agents, employees and representatives breached its duty with Plaintiff in the following respects:

    a. Defendant FEDEX, through its agents, apparent agents, employees and representatives were willful and wanton and failed to properly and safely ship Plaintiff's package with reasonable care and instead shipped and handled Plaintiff's package with utter indifference;

    b. Defendant otherwise showed utter indifference and conscious disregard and or was grossly negligent with Plaintiff's package.

**ANSWER:** **FedEx Ground denies the allegations contained in Paragraph 2 of Count II of Plaintiff's Amended Complaint for Declaratory Judgment, including sub-paragraphs (a) through (b), inclusive.**

3. At all times relevant to this cause of action, Defendant FEDEX, through its agents, apparent agents, employees and representatives was showed a gross and utter indifference and conscious disregard or was grossly negligent in that FEDEX delivered the Plaintiff's package that contained the pathology slides in a utterly damaged and mangled fashion, far from the package's good and original condition.

**ANSWER:**     **FedEx Ground denies the allegations contained in Paragraph 3 of Count II of Plaintiff's Amended Complaint for Declaratory Judgment.**

4. Plaintiff has been monetarily injured by reason of the foregoing, but cannot, at this point, know exactly the extent of that injury because the underlying medical malpractice case, which will largely determine what damages have been suffered by reason of the foregoing, has not yet been concluded.

**ANSWER:**     **FedEx Ground denies the allegations contained in Paragraph 4 of Count II of Plaintiff's Amended Complaint for Declaratory Judgment.**

5. That Plaintiff demands trial by jury for this Count.

**ANSWER:**     **FedEx Ground denies that the Plaintiff is entitled to a trial by jury on this Count, as Federal Law completely preempts claims such as those contained in Count II. FedEx Ground further denies that the Plaintiff is entitled to any relief in any form or amount from FedEx Ground.**

**WHEREFORE**, FedEx Ground Package Systems, Inc. requests that this Court enter an order dismissing Plaintiff's Amended Complaint with prejudice, and order such further relief as it deems just.

## COUNT III – INTENTIONAL INJURY

1. Plaintiff re-alleges the foregoing paragraphs 1-9 as Paragraph 1 of this Count III of her Amended Complaint.

**ANSWER:**     **FedEx Ground re-alleges and re-states its Answers to Paragraphs 1 – 9 as and for Paragraph 1 of Count III of Plaintiffs' Amended Complaint for Declaratory Judgment.**

2. Defendant FEDEX, through its agents, apparent agents, employees and representatives deliberately and intentionally inflicted an injurious and outrageous act upon the Plaintiff's package with the specific intent of damaging its contents and as a result, injured the Plaintiff.

21036-PJK                                                                                                   Case No. 08 C 1611

**ANSWER:** **FedEx Ground denies the allegations contained in Paragraph 2 of Count III of Plaintiff's Amended Complaint for Declaratory Judgment.**

3.  The damage inflicted upon the Plaintiff's package suggests that the Defendant, through its agents, apparent agents, employees and representatives acted in a deliberate and intentionally violent way with respect to the package.

**ANSWER:** **FedEx Ground denies the allegations contained in Paragraph 3 of Count III of Plaintiff's Amended Complaint for Declaratory Judgment.**

4.  The package was directed to her lawyers, and their address was clearly apparent on the face of the package, and Plaintiff verily believes that the attack inspired by an improper animus and was motivated because the package was directed to attorneys.

**ANSWER:** **FedEx Ground denies the allegations contained in Paragraph 4 of Count III of Plaintiff's Amended Complaint for Declaratory Judgment.**

5.  On or around February 27, 2007 Defendant FEDEX through its agents, apparent agents, employees and representatives deliberately and intentionally breached its duty with Plaintiff in the following respects:

    a.  Defendant FEDEX, through its agents, apparent agents, employees and representatives deliberately and intentionally failed to deliver the Plaintiff's package in good and original condition and instead utterly destroyed the package;

    b.  Defendant FEDEX, through its agents, apparent agents, employees and representatives deliberately and intentionally failed to properly and safely ship Plaintiff's package;

    c.  Defendant FEDEX, through its agents, apparent agents, employees and representatives acted in a deliberate and intentional manner in regards to their duty to see that the package's carriage was safe and proper and remained in original and good condition;

    d.  Defendant otherwise deliberately and intentionally inflicted an outrageous damage on Plaintiff's package.

**ANSWER:**   FedEx Ground denies the allegations contained in Paragraph 5 of Count III of Plaintiff's Amended Complaint for Declaratory Judgment, including sub-paragraphs (a) through (d), inclusive.

6. Plaintiff has been monetarily injured by reason of the foregoing, but cannot, at this point, know exactly the extent of that injury because the underlying medical malpractice case, which will largely determine what damages have been suffered by reason of the foregoing, has not yet been concluded.

**ANSWER:**   FedEx Ground denies the allegations contained in Paragraph 6 of Count III of Plaintiff's Amended Complaint for Declaratory Judgment.

7. That Plaintiff demands trial by jury for this Count.

**ANSWER:**   FedEx Ground denies that the Plaintiff is entitled to a trial by jury on this Count, as Federal Law completely preempts claims such as those contained in Count III. FedEx Ground further denies that the Plaintiff is entitled to any relief in any form or amount from FedEx.

**WHEREFORE**, FedEx Ground Package Systems, Inc. requests that this Court enter an order dismissing Plaintiff's Amended Complaint with prejudice, and order such further relief as it deems just.

### COUNT IV – BREACH OF CONTRACT

1. Plaintiff re-alleges the foregoing paragraphs 1-9 as Paragraph 1 of its Amended Complaint.

**ANSWER:**   FedEx Ground re-alleges and re-states its Answers to Paragraphs 1 – 9 as and for Paragraph 1 of Count IV of Plaintiffs' Amended Complaint for Declaratory Judgment.

2. Defendant FEDEX through its agents, apparent agents, employees and representatives had a duty to perform under the contract agreement that was made between Plaintiff and Defendants, that Defendants accepted the Plaintiff's package and

21036-PJK                                                                                                        Case No. 08 C 1611

stated that it would cause the Plaintiff's package to be delivered in good condition to

CLIFFORD LAW OFFICES, P.C.

**ANSWER:** **FedEx Ground denies the allegations in Paragraph 2 of Count IV of the Amended Complaint to the extent that they attempt to characterize a contractual relationship between any party and FedEx in this case. FedEx's responsibilities in connection with any shipments forming the basis of plaintiff's Amended Complaint are governed by the terms and conditions of the contract of carriage, as evidenced by, *inter alia*, the Service Agreement between FedEx and the shipper, the FedEx Airway bill, and/or the terms and conditions of the applicable FedEx Service Guide under which the shipment in question traveled.**

3.  On or around February 27, 2007 Defendant FEDEX through its agents, apparent agents, employees and representatives breached its contract agreement with Plaintiff in the following respects:

    a.  Defendant FEDEX, through its agents, apparent agents, employees and representatives failed to deliver the Plaintiff's package in good and original condition and instead serious damaged package and its contents;

    b.  Defendant FEDEX, through its agents, apparent agents, employees and representatives were willful and wanton and failed to properly and safely ship Plaintiff's package with reasonable care;

    c.  Defendant otherwise showed utter indifference and conscious disregard and or was grossly negligent with Plaintiff's package.

    d.  Defendant failed to adhere to the terms of the contract agreement and by utter indifference and conscious disregard breached the contract agreement.

**ANSWER:** **FedEx Ground denies the allegations contained in Paragraph 3 of Count IV of Plaintiff's Amended Complaint for Declaratory Judgment, including sub-paragraphs (a) through (d), inclusive.**

4.  Plaintiff has been monetarily injured by reason of the foregoing, but cannot, at this point, know exactly the extent of that injury because the underlying

21036-PJK                                                                                                  Case No. 08 C 1611

medical malpractice case, which will largely determine the damages have been suffered by reason of the foregoing, has not yet been concluded.

**ANSWER:** **FedEx Ground denies the allegations contained in Paragraph 4 of Count IV of Plaintiff's Amended Complaint for Declaratory Judgment.**

      5.      That Plaintiff demands trial by jury for this Count.

**ANSWER:** **FedEx Ground denies that the Plaintiff is entitled to a trial by jury on this Count, as Federal Law completely preempts claims such as those contained in Count IV. FedEx Ground further denies that the Plaintiff is entitled to any relief in any form or amount from FedEx Ground.**

**WHEREFORE**, FedEx Ground Package Systems, Inc. requests that this Court enter an order dismissing Plaintiff's Amended Complaint with prejudice, and order such further relief as it deems just.

## GENERAL DENIAL

All allegations of the Amended Complaint not previously admitted, denied or otherwise explained are here and now specifically and categorically denied.

21036-PJK                                                                                                    Case No. 08 C 1611

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted in that it seeks damages in excess of FedEx's contractual limitation of liability.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims, if any, are barred or limited by the terms and conditions contained in the contract of carriage as evidenced by the language found on the Service Agreement between FedEx Express and the shipper and the terms and conditions of the applicable FedEx Service Guide under which the shipments at issue traveled.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by her own negligence, or the negligence of her agents, employees, or representatives.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by her own breach of contract, or the breach of contract of her agents, employees or representatives.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by her own assumption of risk, or the assumption of risk by her agents, employees, or representatives.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused and/or were contributed to by the acts, negligence, or omissions by and of entities and persons other than FedEx, for over whom FedEx has and/or had no control, and over whom FedEx has and/or had no responsibility,

including Clifford Law Offices, PC and/or Dr. Robert Austin and/or Magee Women's Hospital.

### SEVENTH AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a cause of action upon which relief can be granted, because federal law applicable to federally certificated air carriers such as FedEx preempts Plaintiffs' state law claims, if any.  <u>American Airlines v. Wolens</u>, 513 U.S. 219, 115 S.Ct. 817, 130 L.Ed.2d 715 (1995); <u>Sam Majors Jewelers v. ABX, Inc.</u>, 117 F.3d 922 (5th Cir. 1997); 49 U.S.C. §41713; Airline Deregulation Act, 49 U.S.C. §41713.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring any cause of action against FedEx arising from the shipment which is the subject of Plaintiff's Amended Complaint.  Plaintiff was neither the shipper nor the recipient of the shipments in question.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint for Declaratory Judgment seeks an improper advisory opinion.  No actual controversy exists, because the damages resulting from the claims contained in Counts II - IV, if any, same being denied, are purely speculative and presently non-existent.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, or those of any party with standing to bring those claims, are barred by her failure to timely bring suit within the terms and conditions set forth in the contract of carriage.

21036-PJK                                                                                         Case No. 08 C 1611

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, or those of any party with standing to bring those claims, are barred by her failure to give timely written notice within the terms and conditions set forth in the contract of carriage.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's state law claims are pre-empted by the Carmack Amendment to the Interstate Commerce Act, 40 U.S.C. § 13506(a)(8)(B).

Dated:  This 26th day of March, 2008.

                                             Respectfully submitted,

                                             O'Hagan Spencer LLC

                                             By:   /s/ Patrick J. Keating
                                             Attorneys for Defendant, FedEx Ground Package System, Inc.

Patrick J. Keating (ARDC No. 6211380)
Edward C. Eberspacher (ARDC No. 6286085)
**O'Hagan Spencer LLC**
One E. Wacker Drive, Suite 3400
Chicago, IL 60601
312-422-6100 – Phone

Of Counsel:

Michael W. Higginbotham
3620 Hacks Cross Road
Building B, Third Floor
Memphis, Tennessee   38125
Telephone: (901) 434-8570
Facsimile:  (901) 434-9279

21036-PJK                                                                                              Case No. 08 C 1611

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing document was sent via U.S. Mail, postage prepaid this 26th day of March, 2008, to:

> Colin H. Dunn
> Clifford Law Offices
> 120 North LaSalle Street, 31st Floor
> Chicago, Illinois  60602
> Telephone: (312) 899-9090

> By:  /s/ Patrick J. Keating
> Attorneys for Defendant, FedEx Ground Package System, Inc.

Patrick J. Keating (ARDC No. 6211380)
Edward C. Eberspacher (ARDC No. 6286085)
**O'Hagan Spencer LLC**
One E. Wacker Drive, Suite 3400
Chicago, IL 60601
312-422-6100 – Phone

Of Counsel:

Michael W. Higginbotham
3620 Hacks Cross Road
Building B, Third Floor
Memphis, Tennessee   38125
Telephone: (901) 434-8570
Facsimile:  (901) 434-9279