**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SUSAN STARRETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  08-cv-01611 |
| | ) | |
| | ) | Judge Joan H. Lefkow |
| FEDEX GROUND PACKAGE | ) | |
| SYSTEM INC., a Delaware Corporation, | ) | Magistrate Judge Jeffrey Cole |
| FEDERAL EXPRESS CORPORATION, | ) | |
| a Delaware Corporation, | ) | |
| FEDEX CORPORATE SERVICES, | ) | |
| INC, a Delaware Corporation | ) | |
| FEDEX AIR PACKAGE SYSTEMS INC., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MOTION FOR REMAND</u>

Plaintiff, SUSAN STARRETT ("Plaintiff"), by her attorneys, CLIFFORD LAW

OFFICES, P.C., moves this Honorable Court pursuant to 28 U.S.C. § 1447(c) to Remand

this cause of action to the Circuit Court of Cook County, Illinois, and states as follows:

1.      This case involves an opprobrious and unfair exculpatory clause of

Fedex's contract that Plaintiff seeks the remedy of declaratory relief stating that the

contract is unenforceable and against the public policy of Illinois.

2.      On February 15, 2008, Plaintiff filed a complaint in the Circuit Court of

Cook County, Chancery Division, Case Number 2008 CH 05989, seeking recovery for

various torts arising under state law committed by Defendants FEDEX GROUND

PACKAGE SYSTEM, INC.; FEDERAL EXPRESS CORPORATION; FEDEX

CUSTOM CRITICAL, INC.; FEDEX KINKO'S OFFICE AND PRINT SERVICES,

INC.; FEDEX CORP.; and FEDEX CORPORATE SERVICES, INC. (hereinafter referred to collectively as "the FEDEX Defendants").

3.      On February 21, 2008 Plaintiff filed an amended complaint with leave of court before service. (See Exhibit A "a true and correct copy of all pleadings and process filed in this action").

3.      On March 19, 2008, the FEDEX Defendants filed a Notice of Removal with this Court pursuant to "28 U.S.C. §1441."

4.      On April 15, 2008, there was a status hearing and an order was entered granting Plaintiff leave to file her motion for remand by April 21, 2008, with an agreed briefing schedule.  Subject to approval by this Honorable Court, counsel for Plaintiff and Defendants have agreed to a briefing schedule which would allow Defendants twenty-one (21) days or by May 9, 2008 to file a written response to the Motion for Remand and Plaintiff would have fourteen (14) days thereafter or by May 23, 2008 to file a reply.

5.      For the reasons stated in the attached memorandum, there is no basis for removal.

WHEREFORE, Plaintiffs request the following relief:

(a)      That this Court grant Plaintiff's Motion to Remand.

(b)      That this Court grant any further or additional relief that Plaintiff may be entitled to in the premises.

Respectfully submitted,

Dated: April 18, 2008                    s/Brian T. Nash
                                         CLIFFORD LAW OFFICES, P.C.
                                         120 North LaSalle Street, 31st Floor
                                         Chicago, Illinois 60602
                                         (312) 899-9090
                                         btn@cliffordlaw.com
                                         *Counsel for Plaintiff*

2

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **Susan Starrett,** )<br><br>　　　　　　　Plaintiff, )<br><br>v. )<br><br>**FedEx Ground Package System, Inc., a** )<br>**Delaware Corporation; Federal Express** )<br>**Corporation, a** Delaware Corporation; )<br>**FedEx Corporate Services, Inc., a** )<br>Delaware Corporation; **FedEx Air Package** )<br>**Systems, Inc.** )<br><br>　　　　　　　Defendants. ) | Case No.<br><br>FILED: MARCH 19, 2008<br>08CV1611　　　TC<br>JUDGE LEFKOW<br>MAGISTRATE JUDGE COLE |

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS, AND TO PLAINTIFF:

**PLEASE TAKE NOTICE** that Defendants, FedEx Ground Package System, Inc., Federal Express Corporation, and, FedEx Corporate Services, Inc., hereby file their Notice of Removal under 28 U.S.C. § 1441, to effect removal of this matter which was commenced in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, under Case No.: 2008 CH 05989. Removal is proper for the following reasons:

1.　　　On February 15, 2008, Plaintiff filed this action in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, under Case No.: 2008 CH 05989. FedEx's records indicate that it first received notice of this action on February 22, 2008, when it was provided a copy of the Complaint by counsel, and thirty days since such notice has not yet expired.

2.　　　Plaintiff filed an Amended Complaint on February 21, 2008 and has effected service of this pleading on at least one defendant.

3. Accepting the facts as Plaintiff has alleged, the shipment at issue was handled by Federal Express Corporation ("FedEx Express"). The remaining defendants had no involvement in this shipment and should be dismissed[1].

4. Removal to Federal Court is proper.

5. The United States District Courts have original jurisdiction by reason of federal question jurisdiction, 28 U.S.C. § 1331.

6. The claims asserted by the Plaintiff in her Complaint, and the liability of FedEx, if any, are governed by principles of federal common law applicable to shipments made in interstate commerce by a federally certified air carrier such as FedEx. As such, this Court has original jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. § 1331, and this civil action may be removed pursuant to 28 U.S.C. § 1441(b). Treiber & Straub, Inc. v. United Parcel Service, 474 F.3d 379 (7th Cir. 2007)("a claim for lost or damaged goods transported by a common air carrier arises under federal common law and thus falls within the district court's federal question jurisdiction"); Sam L. Majors Jewelers v. ABX, Inc., 117 F.3d 922 (5th Cir. 1997); McCall-Thomas Eng'g Co. v. Federal Express Corp., 81 F.2d 28 (4th Cir. 1996) ("Claims involving shipments in interstate commerce by air carriers are governed by federal law."); see also: Diero v. American Airlines, Inc., 816 F.2d 1360 (9th Cir. 1987); First Pennsylvania Bank, N.A. v. Eastern Airlines, Inc., 731 F.2d 1113 (3d Cir. 1984); North American Phillips Corp. v. Emery Air Freight Corp., 579 F.2d 229 (2d Cir. 1978).

7. To the extent Plaintiff asks for declaratory judgment asserting the unenforceability of the FedEx limitation on liability, she has again raised a federal question. Treiber & Straub, Inc. v. United Parcel Service, 2005 WL 2108081 at *6 (E.D.

---

[1] To Defendant's knowledge there is no entity known as "FedEx Air Package Systems, Inc."

Wisc. 2005)("Federal common law applies when a shipper contests the validity of a contractual clause that limits a carrier's liability.") Attached hereto as Exhibit "A" is a recent decision by this Court (Solovy v. FedEx, 07 C 6721, Feb. 5, 2008) directly on point.

8.    Attached hereto as Exhibit "B," is a true and correct copy of all pleadings and process filed in this action in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, under Case No.: 2008 CH 05989. A notice of filing of this Notice of Removal is being concurrently filed with the Circuit Court of Cook County, Illinois, County Department, Chancery Division.

WHEREFORE, defendants pray that this civil action be removed to this Court from the Circuit Court of Cook County, Illinois, County Department, Chancery Division.

Dated: This 19th day of March, 2008.

Respectfully Submitted:
O'Hagan Spencer LLC

By: _____
Counsel for Defendants

Patrick J. Keating, ARDC No. 6211380
Edward C. Eberspacher, ARDC No. 6286085
**O'Hagan Spencer LLC**
One E. Wacker Drive, Suite 3400
Chicago, Illinois 60601
312-422-6100 – Phone
312-422-6110 – Fax

Of Counsel:

Michael W. Higginbotham
Federal Express Corporation
3620 Hacks Cross Road
Building B, Third Floor
Memphis, Tennessee  38125
Telephone: (901) 434-8570
Facsimile: (901) 434-9279

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing document was

sent via U.S. Mail, postage prepaid this 19th day of March, 2008, to:

> Colin H. Dunn
> Clifford Law Offices
> 120 North LaSalle Street, 31st Floor
> Chicago, Illinois 60602
> Telephone: (312) 899-9090

_____
Patrick J. Keating, Esq.

Patrick J. Keating, ARDC No. 6211380
Edward C. Eberspacher, ARDC No. 6286085
**O'Hagan Spencer LLC**
One E. Wacker Drive, Suite 3400
Chicago, Illinois 60601
312-422-6100 – Phone
312-422-6110 – Fax

Of Counsel:

Michael W. Higginbotham
3620 Hacks Cross Road
Building B, Third Floor
Memphis, Tennessee  38125
Telephone: (901) 434-8570
Facsimile:  (901) 434-9279

**RECEIVED**

**CT CORPORATION**
A Wolters Kluwer Company

MAR 12 2008

FXG LEGAL DEPT

**Service of Process Transmittal**
03/11/2008
CT Log Number 513181034

**TO:** Carol Lancia
FedEx Ground Package System, Inc.
1000 FedEx Drive
Moon Township, PA 15108

**RE:** Process Served in Illinois

**FOR:** FedEx Ground Package System, Inc. (Domestic State: DE)

08CV1611                    TC

JUDGE LEFKOW

MAGISTRATE JUDGE COLE

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Susan Starratt, Pltf. vs. Fedex Ground Package System Inc., etc., et al. including Fedex Air Package Systems, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons ( 2 sets), Complaint, Service List ( 2 sets) |
| **COURT/AGENCY:** | Cook County Circuit Court, County Department, Chancery Division, IL Case # 08CH05989 |
| **NATURE OF ACTION:** | Request for declaratory judgment against defendants seeking damages for its liability for its damages or destruction of property regardless of the culpability or circumstances |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/11/2008 at 11:00 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | Mike S. Krzak Clifford Law Offices, P.C. 120 N. LaSalle Street Suite 3100 Chicago, IL 60602 312-899-9090 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex Priority Overnight , 798393905077 Image SOP - Page(s): 14 Email Notification, Carol Lancia isopcomplaints@fedex.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Tawana Carter |
| **ADDRESS:** | 208 South LaSalle Street Suite 814 Chicago, IL 60604 |
| **TELEPHONE:** | 312-345-4336 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS    ALIAS - SUMMONS | (7-90) CCG-I |

## THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - CHANCERY DIVISION

SUSAN STARRETT,                    )
                                   )
            Plaintiff,             )        No. 08 CH 05989
                                   )
    v.                             )
                                   )        Cal No. 4
                                   )
FEDEX GROUND PACKAGE SYSTEM INC.,  )
a Delaware Corporation             )        PLEASE SERVE DEFENDANTS AT:
FEDERAL EXPRESS CORPORATION,       )        See Reverse Side
a Delaware Corporation             )
FEDEX CORPORATE SERVICES,          )
INC, a Delaware Corporation        )
FEDEX AIR PACKAGE SYSTEMS INC      )
                                   )
            Defendants.            )

### SUMMONS

To each defendant:

YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance in the office of the clerk of this court (located in the Richard J. Daley Center, Room *802 Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

FEB. 2008

WITNESS_____,2008

_____
DOROTHY A. BROWN, Clerk of Court

Name:          Colin H. Dunn
Attorney for:  Plaintiffs              Date of service:_____,2008
Address:       120 North LaSalle St.   (To be inserted by officer or copy left with
City:          Chicago, IL 60602       defendant or other person)
Telephone:     312/899-9090
Atty. No.:     32640

### DOROTHY A. BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
*Law Division Room 801              County Division Room 801
Probate Division Room 1202         Chancery-Divorce Division Room 802

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| **SUMMONS** | **ALIAS - SUMMONS** (7-90) CCG-I |

### THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT - CHANCERY DIVISION

SUSAN STARRETT, )
 )
  Plaintiff, ) No. 08 CH 05989
 )
 v. )
 ) Cal No. 4
 )
FEDEX GROUND PACKAGE SYSTEM INC., )
a Delaware Corporation ) **PLEASE SERVE DEFENDANTS AT:**
FEDERAL EXPRESS CORPORATION, ) See Reverse Side
a Delaware Corporation )
FEDEX CORPORATE SERVICES, )
INC, a Delaware Corporation )
FEDEX AIR PACKAGE SYSTEMS INC )
 )
  Defendants. )

### SUMMONS

To each defendant:

  YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance in the office of the clerk of this court (located in the Richard J. Daley Center, Room *802 Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.

To the officer:

  This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

FEB 2 2008

WITNESS,_____,2008

_____
DOROTHY A. BROWN, Clerk of Court

| | |
|---|---|
| Name: | Colin H. Dunn |
| Attorney for: | Plaintiffs |
| Address: | 120 North LaSalle St. |
| City: | Chicago, IL  60602 |
| Telephone: | 312/899-9090 |
| Atty. No.: | 32640 |

Date of service:_____,2008
(To be inserted by officer on copy left with defendant or other person)

### DOROTHY A. BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
*Law Division Room 801   County Division Room 801
Probate Division Room 1202   Chancery-Divorce Division Room 802

STATE OF ILLINOIS          )
                           ) SS.
COUNTY OF COOK             )

THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CHANCERY DIVISION

SUSAN STARRETT,                        )
                                       )
                 Plaintiff,            )
                                       )
        v.                             )    No. 08 Ch. 05989
                                       )
                                       )
FEDEX GROUND PACKAGE                   )
SYSTEM INC., a Delaware Corporation    )    Cal. No. 4
FEDERAL EXPRESS CORPORATION,           )
a Delaware Corporation                 )
FEDEX CORPORATE SERVICES,              )
INC, a Delaware Corporation            )
FEDEX AIR PACKAGE SYSTEMS INC          )
                                       )
                                       )
                 Defendants.           )

## AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

Comes now the Plaintiff, SUSAN STARRETT, by her attorneys, Clifford Law Offices, and asks that, with respect to the Defendants , FEDEX GROUND PACKAGE SYSTEMS INC., FEDERAL EXPRESS CORPORATION, FEDEX AIR PACKAGE SYSTEMS INC., FEDERAL EXPRESS CORPORATION, (hereinafter collectively referred to as "FEDEX"), her rights under a certain contract (attached hereto as Exhibit "A") be declared, and upon the declaration of those rights, that she have ancillary and further relief as is hereinafter described in Courts II, III, and IV, and that this matter be transferred to the Law Division of this Court for proceedings upon said Counts before a jury, in support of which the Plaintiff respectfully states as follows:

## INTRODUCTION

Introductory to the actual allegations, it will be helpful for the Court to have some understanding of the background and the context of this case.

1.     Susan Starrett is currently battling against cervical cancer, but has also been compelled to file a lawsuit against certain medical providers whose tardy diagnosis of her condition delayed the commencement of treatment, resulting in her condition being much worse than it would have otherwise been, if it had been properly and promptly diagnosed.

2.     In connection with that medical malpractice case, Starrett's attorneys had to get a medical evaluation in order to comply with the requirements of 735 ILCS 5/2-622 of the Code of Civil Procedure.  For this purpose, her pathology slides were sent to one Dr. Robert Austin, who is connected with the prestigious Magee's Women's Hospital in Pittsburgh, Pennsylvania.

3.     Plaintiff, by her attorneys, sent the slides to Dr. Austin via federal express, and also provided him with a prepaid return bill so that the slides could be sent back to her attorneys in Chicago.

4.     Dr. Austin received the slides in good condition, and performed his examinations and prepared his report.  On February 24, 2006 he packaged the slides, they, still being in good and undamaged condition, in their case and wrapped them in multiple protective layers such as would allow them to be sent without harm or damage.

5.     On February 27, 2006, Plaintiff, through her agents and attorneys, received the package sent on the prior day via FedEx.  The package had been pierced

2

through, as though by a nail, spike or hook, to its very core, with the result that many of the slides were damaged and some wholly destroyed.

6.     There is no way that this damage could have been done in the absence of either culpable negligence or intentional design, by those, noting that the package was intended for a law firm, specifically intended a destructive blow against it.

7.     Starrett has been injured by the damage done to pathology slides by reason of the expense their damage has occasioned to her in connection with her malpractice proceeding, and additionally the destruction of these slides will certainly have an impact on her malpractice case itself, although the amount of damages suffered thereby cannot yet be ascertained, it is certainly more than the $100.00 amount which FEDEX claims is the limit of its liability.

8.     Starrett made a claim with FedEx for the foregoing, and was advised that FedEx deemed that, by reason of contractual terms, its liability was limited to $100.00, irrespective of its degree of culpability, and it accordingly tendered $100.00 to the Plaintiff.  The contract on which both parties relied on is attached as Exhibit A, and in pertinent part states:

>          "For shipments within the U.S., FedEx liability is limited to US$100 for
>     loss, damage, delay, misdelivery or nondelivery unless you declare a
>     higher value and pay an extra charge."

9.     Plaintiff has declined and refused that tender upon the position and belief that this damage is remarkable and beyond the contemplation of the parties when an agreement was made to ship the aforementioned package, and that the character and severity of the damage done to this package is beyond the expectation of ordinary or reasonable minds, and therefore outside the contemplation of the contract, which was not

3

made at arms-length, but was drafted by FedEx which has complete control over its terms and conditions, and that the law of Illinois will not recognize or enforce such an opprobrious and unfair exculpatory clause, or consistently with its public policy considerations, should change the law so that such said clause not be enforceable in Illinois.

## COUNT I – DECLARATORY JUDGEMENT

For her first Count, Plaintiff seeks a declaratory judgment that FedEx's contract, so far as it strictly limits a person's claim for recovery to $100.00, is unenforceable in Illinois, saying:

1-9.    Plaintiff re-alleges the foregoing paragraphs 1-9 as paragraph 1 of this Count I of her Amended Complaint.

2.    An actual controversy exists between (i) Plaintiff and (ii) FEDEX concerning their contract in shipping a package and the destruction of said package sent to Plaintiff, and particularly, whether, under the circumstances of this case, or like circumstances, the limitation clause is unenforceable.

3.    Plaintiff has a tangible legal interest in resolving the above described dispute since her remedies against FEDEX have been effectively extinguished by the purported contractual terms, and she therefore brings this Count pursuant to 735 ILCS 5/2-701.

4.    Resolving the above-described dispute, would terminate all or part of the dispute between the Plaintiff and Defendant, and allow her to proceed with the ancillary actions for monetary damages hereinafter alleged as Counts II, III and IV of this Complaint.

4

WHEREFORE, Plaintiff prays for an Order of this Honorable Court as follows:

A.    Entering a declaratory judgment in favor of Plaintiff and against FEDEX declaring that its contractual limitation of $100.00 on damages for its liability for its damage or destruction of property regardless of the its culpability or other circumstances with respect thereto, be and is unenforceable in the State of Illinois and for all deliveries made to and from this State;

B.    Granting such further declaratory relief as the court deems just and equitable.

## COUNT II – GROSS NEGLIGENCE

For an additional and ancillary Count, in the event that the above-sought rights be declared in favor of the Plaintiff and against FEDEX, then Plaintiff seeks monetary damages for Defendants' gross negligence in connection with its undertaking, stating:

1.    Plaintiff re-alleges the foregoing paragraphs 1-9 of this Complaint as paragraph 1 of this Count II of her Amended Complaint.

2.    On or around February 27, 2007 Defendant FEDEX through its agents, apparent agents, employees and representatives breached its duty with Plaintiff in the following respects:

a.    Defendant FEDEX, through its agents, apparent agents, employees and representatives were willful and wanton and failed to properly and safely ship Plaintiff's package with reasonable care and instead shipped and handled Plaintiff's package with utter indifference;

b.    Defendant otherwise showed utter indifference and conscious disregard and or was grossly negligent with Plaintiff's package.

3.    At all times relevant to this cause of action, Defendant FEDEX, through its agents, apparent agents, employees and representatives was showed a gross and utter

5

indifference and conscious disregard or was grossly negligent in that FEDEX delivered the Plaintiff's package that contained the pathology slides in a utterly damaged and mangled fashion, far from the package's good and original condition.

4.     Plaintiff has been monetarily injured by reason of the foregoing, but cannot, at this point, know exactly the extent of that injury because the underlying medical malpractice case, which will largely determine what damages have been suffered by reason of the foregoing, has not yet been concluded.

5.     That Plaintiff demands trial by jury for this Count.

WHEREFORE, Plaintiff, SUSAN STARRETT, demands judgment against Defendant, FEDEX, in such sum as the jury shall determine.

## COUNT III - INTENTIONAL INJURY

For an additional and ancillary Count, in the event that the above-sought rights be declared in favor of the Plaintiff and against FEDEX, then Plaintiff seeks monetary damages for Defendants' intentional misconduct in connection with its undertaking, stating:

1.      Plaintiff re-alleges the foregoing paragraphs 1-9 as Paragraph 1 of this Count III of her Amended Complaint.

2.      Defendant FEDEX, through its agents, apparent agents, employees and representatives deliberately and intentionally inflicted an injurious and outrageous act upon the Plaintiff's package with the specific intent of damaging its contents and as a result, injured the Plaintiff.

3.      The damage inflicted upon the Plaintiff's package suggests that the Defendant, through its agents, apparent agents, employees and representatives acted in a deliberate and intentionally violent way with respect to the package.

4.      The package was directed to her lawyers, and their address was clearly apparent on the face of the package, and Plaintiff verily believes that the attack inspired by an improper animus and was motivated because the package was directed to attorneys.

5.      On or around February 27, 2007 Defendant FEDEX through its agents, apparent agents, employees and representatives deliberately and intentionally breached its duty with Plaintiff in the following respects:

    a.    Defendant FEDEX, through its agents, apparent agents, employees and representatives deliberately and intentionally failed to deliver the Plaintiff's package in good and original condition and instead utterly destroyed the package;

    b.    Defendant FEDEX, through its agents, apparent agents, employees and representatives deliberately and intentionally failed to properly and safely ship Plaintiff's package;

    c.    Defendant FEDEX, through its agents, apparent agents, employees and representatives acted in a deliberate and intentional manner in regards to their duty to see that the package's carriage was safe and proper and remained in original and good condition;

    d.    Defendant otherwise deliberately and intentionally inflicted outrageous damage on Plaintiff's package.

7

6.    Plaintiff has been monetarily injured by reason of the foregoing, but cannot, at this point, know exactly the extent of that injury because the underlying medical malpractice case, which will largely determine what damages have been suffered by reason of the foregoing, has not yet been concluded.

7.    That Plaintiff demands trial by jury for this Count.

WHEREFORE, Plaintiff, SUSAN STARRETT, demands judgment against Defendant, FEDEX, in such sum as the jury shall determine.

## COUNT IV – BREACH OF CONTRACT

For an additional and ancillary Count, in the event that the above-sought rights be declared in favor of the Plaintiff and against FEDEX, then Plaintiff seeks monetary damages for Defendants' breach of contract in connection with its undertaking, stating:

1.    Plaintiff re-alleges the foregoing paragraphs 1-9 as Paragraph 1 of its Amended Complaint.

2.    Defendant FEDEX through its agents, apparent agents, employees and representatives had a duty to perform under the contract agreement that was made between Plaintiff and Defendants, that Defendants accepted the Plaintiff's package and stated that it would cause the Plaintiff's package to be delivered in good condition to CLIFFORD LAW OFFICES, P.C.

3.    On or around February 27, 2007 Defendant FEDEX through its agents, apparent agents, employees and representatives breached its contract agreement with Plaintiff in the following respects:

8

a.    Defendant FEDEX, through its agents, apparent agents, employees and representatives failed to deliver the Plaintiff's package in good and original condition and instead serious damaged package and its contents;

b.    Defendant FEDEX, through its agents, apparent agents, employees and representatives were willful and wanton and failed to properly and safely ship Plaintiff's package with reasonable care;

c.    Defendant otherwise showed utter indifference and conscious disregard and or was grossly negligent with Plaintiff's package.

d.    Defendant failed to adhere to the terms of the contract agreement and by utter indifference and conscious disregard breached the contract agreement;

4.    Plaintiff has been monetarily injured by reason of the foregoing, but cannot, at this point, know exactly the extent of that injury because the underlying medical malpractice case, which will largely determine what damages have been suffered by reason of the foregoing, has not yet been concluded.

5.    That Plaintiff demands trial by jury for this Count.

WHEREFORE, Plaintiff, SUSAN STARRETT, demands judgment against Defendant, FEDEX, in such sum as the jury shall determine.

Respectfully Submitted,

Attorney for Plaintiff

Mike S. Krzak
Colin H. Dunn
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street, Suite 3100
Chicago, Illinois 60602
(312) 899-9090
Firm I.D. No. 3264

9

STATE OF ILLINOIS     )
                        ) SS.

COUNTY OF COOK     )

### THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT - CHANCERY DIVISION

| | | |
|---|---|---|
| SUSAN STARRETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| FEDEX GROUND PACKAGE | ) | |
| SYSTEM INC., a Delaware Corporation | ) | |
| FEDERAL EXPRESS CORPORATION, | ) | |
| a Delaware Corporation | ) | |
| FEDEX CORPORATE SERVICES, | ) | |
| INC, a Delaware Corporation | ) | |
| FEDEX AIR PACKAGE SYSTEMS INC | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

08CH05980

FILED-1
2008 FEB 15 PM 4:33
CIRCUIT COURT OF COOK
COUNTY, ILLINOIS
CHANCERY DIV.
DOROTHY BROWN
CLERK

### COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

Comes now the Plaintiff, SUSAN STARRETT, by her attorneys, Clifford Law

Offices, and asks that, with respect to the Defendants , FEDEX GROUND PACKAGE

SYSTEMS INC., FEDERAL EXPRESS CORPORATION, FEDEX AIR PACKAGE

SYSTEMS INC., FEDERAL EXPRESS CORPORATION, (hereinafter collectively

referred to as "FEDEX"), her rights under a certain contract (attached hereto as Exhibit

"A") be declared, and upon the declaration of those rights, that she have ancillary and

further relief as is hereinafter described in Courts II, III, and IV, and that this matter be

transferred to the Law Division of this Court for proceedings upon said Counts before a

jury, in support of which the Plaintiff respectfully states as follows:

## INTRODUCTION

Introductory to the actual allegations, it will be helpful for the Court to have some understanding of the background and the context of this case.

1.      Susan Starrett is currently battling against cervical cancer, but has also been compelled to file a lawsuit against certain medical providers whose tardy diagnosis of her condition delayed the commencement of treatment, resulting in her condition being much worse than it would have otherwise been, if it had beeen properly and promptly diagnosed.

2.      In connection with that medical malpractice case, Starrett's attorneys had to get a medical evaluation in order to comply with the requirements of 735 ILCS 5/2-622 of the Code of Civil Procedure.  For this purpose, her pathology slides were sent to one Dr. Robert Austin, who is connected with the prestigious Magee's Women's Hospital in Pittsburgh, Pennsylvania.

3.      Plaintiff, by her attorneys, sent the slides to Dr. Austin via federal express, and also provided him with a prepaid return bill so that the slides could be sent back to her attorneys in Chicago.

4.      Dr. Austin received the slides in good condition, and performed his examinations and prepared his report.  On February 24, 2006 he packaged the slides, they, still being in good and undamaged condition, in their case and wrapped them in multiple protective layers such as would allow them to be sent without harm or damage.

5.      On February 27, 2006, Plaintiff, through her agents and attorneys, received the package sendton the prior day via FedEx.  The package had been pierced

through, as though by a nail, spike or hook, to its very core, with the result that many of

the slides were damaged and some wholly destroyed.

  6.  There is no way that this damage could have been done in the absence of

either culpable negligence or intentional design, by those, noting that the package was

intended for a law firm, specifically intended a destructive blow against it.

  7.  Starrett has been injured by the damage done to pathology slides by reason

of the expense their damage has occasioned to her in connection with her malpractice

proceeding, and additionally the destruction of these slides will certainly have an impact

on her malpractice case itself, although the amount of damages suffered thereby cannot

yet be ascertained, it is certainly more than the $100.00 amount which FEDEX claims is

the limit of its liability.

  8.  Starrett made a claim with FedEx for the foregoing, and was advised that

FedEx deemed that, by reason of contractual terms, its liability was limited to $100.00,

irrespective of its degree of culpability, and it accordingly tendered $100.00 to the

Plaintiff. The contract on which both parties relied on is attached as **Exhibit A**, and in

pertinent part states:

> "For shipments within the U.S., FedEx liability is limited to US$100 for
> loss, damage, delay, misdelivery or nondelivery unless you declare a
> higher value and pay an extra charge."

  9.  Plaintiff has declined and refused that tender upon the position and belief

that this damage is remarkable and beyond the contemplation of the parties when an

agreement was made to ship the aforementioned package, and that the character and

severity of the damage done to this package is beyond the expectation of ordinary or

reasonable minds, and therefore outside the contemplation of the contract, which was not

made at arms-length, but was drafted by FedEx which has complete control over its terms
and conditions, and that the public policy of Illinois will not recognize or enforce such an
opprobrious and unfair exculpatory clause.

## COUNT I – DECLARATORY JUDGEMENT

For her first Count, Plaintiff seeks a declaratory judgment that FedEx's contract,
so far as it strictly limits a person's claim for recovery to $100.00, is unenforceble in
Illinois, saying:

1.    Plaintiff re-alleges the foregoing paragraphs 1-9 and paragraphs 1 – 9 of
this Count 1 of her Complaint.

2    An actual controversy exists between (i) Plaintiff and (ii) FEDEX
concerning their contract in shipping a package and the destruction of said package sent
to Plaintiff, and particularly, whether, under the circumstances of this case, or like
circumstances, the limitation clause is unenforcible.

3.    Plaintiff has a tangible legal interest in resolving the above described
dispute since her remedies have been effectively extinguished by the purported
contractual terms, and she therefore brings this Count pursuant to 735 ILCS 5/2-701.

4.    Resolving the above-described dispute, would terminate all or part of the
dispute between the Plaintiff and Defendant, and allow her to proceed with the ancillary
actions for monetary damages hereinafter alleged as Counts II, III and IV of this
Complaint.

WHEREFORE, Plaintiff prays for an Order of this Honorable Court as follows:

A.    Entering a declaratory judgment in favor of Plaintiff and against FEDEX declaring that its contractual limitation of $100.00 on damages for its liability for its damage or destruction of property regardless of the its culpability or other circumstances with respect thereto, be and is unenforceable in the State of Illinois and for all deliveries made to and from this State;

B.    Granting such further declaratory relief as the court deems just and equitable.

## COUNT II – GROSS NEGLIGENCE

For an additional and ancillary Count, in the event that the above-sought rights be declared in favor of the Plaintiff and against FEDEX, then Plaintiff seeks monetary damages for Defendants gross negligence in connection with its charge and undertaking, stating:

1.    Plaintiff re-alleges the foregoing paragraphs 1-9 of this Complaint.

2.    On or around February 27, 2007 Defendant FEDEX through its agents, apparent agents, employees and representatives breached its duty with Plaintiff in the following respects:

a.    Defendant FEDEX, through its agents, apparent agents, employees and representatives failed to deliver the Plaintiff's package in good and original condition and instead horrifically destroyed the package beyond recognition;

b.    Defendant FEDEX, through its agents, apparent agents, employees and representatives were willful and wanton and failed to properly and safely ship Plaintiff's package with reasonable care and instead shipped Plaintiff's package with utter indifference;

c.    Defendant otherwise showed utter indifference and conscious disregard and or was grossly negligent with Plaintiff's package.

5

3.     At all times relevant to this cause of action, Defendant FEDEX, through its agents, apparent agents, employees and representatives was showed a deliberate and utter indifference and conscious disregard or was grossly negligent in that FEDEX delivered the Plaintiff's package that contained the pathology slides in a horribly damaged and mangled fashion, far from the package's good and original condition.

4.     Prior to the destruction of the pathology slides, Plaintiff had a reasonable probability of succeeding in a medical malpractice lawsuit against various doctors and healthcare centers, wherein she would have been entitled to recover damages, past and future medical expenses, past and future loss of income, past and future pain and suffering, and past and future emotion trauma.

5     Plaintiff has been monetarily injured by reason of the foregoing, but cannot, at this point, know exactly the extent of that injury because the underlying medical malpractice case, which will largely determine the damages suffered, has not yet been concluded.

6.     That Plaintiff demands trial by jury for this Count.

## COUNT III - INTENTIONAL INJURY

For an additional and ancillary Count, in the event that the above-sought rights be declared in favor of the Plaintiff and against FEDEX, then Plaintiff seeks monetary damages for Defendants gross negligence in connection with its charge and undertaking, stating:

6

1    Plaintiff re-alleges the foregoing paragraphs 1-9 of this Complaint.

2.    Defendant FEDEX, through its agents, apparent agents, employees and representatives deliberately and intentionally inflicted an injurious and outrageous act upon the Plaintiff's package with the specific intent of damaging its contents and as a result, injured the Plaintiff.

3.    The damage inflicted upon the Plaintiff's package suggests that the Defendant, through its agents, apparent agents, employees and representatives acted in a deliberate and intentionally violent way with the package because there is a sole gauge that has been wrought straight through the package.  There is no other damage to the package outside this isolated gauge.

4.    The damage inflicted upon the Plaintiff's package suggests that the Defendant, through its agents, apparent agents, employees and representatives acted in a deliberate and intentionally violent way fueled by hate for the Plaintiff or doctors because the label would be clear to any viewer of the package that it was being sent from a doctor to a law firm.

5.    On or around February 27, 2007 Defendant FEDEX through its agents, apparent agents, employees and representatives deliberately and intentionally breached its duty with Plaintiff in the following respects:

    a.    Defendant FEDEX, through its agents, apparent agents, employees and representatives deliberately and intentionally failed to deliver the Plaintiff's package in good and original  condition and instead horrifically destroyed the package beyond recognition;

    b.    Defendant FEDEX, through its agents, apparent agents, employees and representatives were deliberate and intentionally willful and wanton and failed to properly and safely ship Plaintiff's package with reasonable care;

7

    c.    Defendant FEDEX, through its agents, apparent agents, employees and representatives acted in a deliberate manner, intentionally and in wanton manner in regards to their duty to see that the package's carriage was safe and proper and remained in original and good condition;

    c.    Defendant otherwise deliberately and intentionally inflicted an injurious outrage on Plaintiff's package and rendered it utterly destroyed.

6.    At all times relevant to this cause of action, Defendant FEDEX, through its agents, apparent agents, employees and representatives intentionally and knowingly showed a deliberate indifference and conscious disregard for Plaintiff's package in a manner rendering it's existence beyond comprehension and was intentionally negligent in that FEDEX delivered the Plaintiff's package that contained the pathology slides in a horrible damaged and mangled fashion, far from the package's good and original condition.

7.    Prior to the destruction of the pathology slides, Plaintiff had a reasonable probability of succeeding in a medical malpractice lawsuit against various doctors and healthcare centers, wherein she would have been entitled to recover damages, past and future medical expenses, past and future loss of income, past and future pain and suffering, and past and future emotion trauma.

8.    Plaintiff has been monetarily injured by reason of the foregoing, but cannot, at this point, know exactly the extent of that injury because the underlying medical malpractice case, which will largely determine the damages suffered, has not yet been concluded.

9.    That Plaintiff demands trial by jury for this Count.

8

## COUNT IV - BREACH OF CONTRACT

For an additional and ancillary Count, in the event that the above-sought rights be declared in favor of the Plaintiff and against FEDEX, then Plaintiff seeks monetary damages for Defendants gross negligence in connection with its charge and undertaking, stating:

1.      Plaintiff re-alleges the foregoing paragraphs 1-19 of this Complaint.

2.       Defendant FEDEX through its agents, apparent agents, employees and representatives had a duty to perform under the contract agreement that was made between Plaintiff and Defendant, that Defendant accepted the Plaintiff's package and stated that it would cause the Plaintiff's package that contained the pathology slides to be delivered in good condition to CLIFFORD LAW OFFICES, P.C.

3.      On or around February 27, 2007 Defendant FEDEX through its agents, apparent agents, employees and representatives breached its contract agreement with Plaintiff in the following respects:

    a.      Defendant FEDEX, through its agents, apparent agents, employees and representatives failed to deliver the Plaintiff's package in good and original  condition and instead horrifically destroyed the package beyond recognition;

    b.      Defendant FEDEX, through its agents, apparent agents, employees and representatives were willful and wanton and failed to properly and safely ship Plaintiff's package with reasonable care;

    c.      Defendant otherwise showed utter indifference and conscious disregard and or was grossly negligent with Plaintiff's package.

    d.      Defendant failed to adhere to the terms of the contract agreement and by utter indifference and conscious disregard breached the contract agreement;

9

4.       Prior to the destruction of the pathology slides, Plaintiff had a reasonable

probability of succeeding in a medical malpractice lawsuit against various doctors and

healthcare centers, wherein she would have been entitled to recover damages, past and

future medical expenses, past and future loss of income, past and future pain and

suffering, and past and future emotional trauma.

5.       Plaintiff has been monetarily injured by reason of the foregoing, but

cannot, at this point, know exactly the extent of that injury because the underlying

medical malpractice case, which will largely determine the damages suffered, has not yet

been concluded.

6.       That Plaintiff demands trial by jury for this Count.

Respectfully Submitted,

_____
Attorney for Plaintiff

Colin H. Dunn
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street, Suite 3100
Chicago, Illinois 60602
(312) 899-9090
Firm I.D. No. 32640

10



**FedEx**

Express®

Extremely Urgent



100% Recycled Paperboard®
MINIMUM 35% POST-CONSUMER CONTENT

# Envelope

## What is the weight limit for the FedEx® Envelope rate?
Eight ounces — including the FedEx Envelope, airbill and contents (up to approximately thirty 8½″ x 11″ pages). If it exceeds the gross weight limit, a higher rate will apply.

## What can be shipped in the FedEx Envelope?
This envelope is designed for documents. Contents should be compatible with the container and packed securely to help assure safe transportation with ordinary care in handling. Shipments within the U.S. with a value greater than US$500 should not be shipped in this envelope. International shipments with a value in excess of US$100 for carriage or customs should not be shipped in this envelope. Do not send cash, cash equivalent or other prohibited items. This envelope is for FedEx Express shipments only. Any other use is prohibited.

## What is the FedEx limit of liability?
For shipments within the U.S., FedEx liability is limited to US$100 for loss, damage, delay, misdelivery or nondelivery unless you declare a higher value and pay an extra charge. The maximum declared value for the contents of this envelope is US$500. See the current FedEx Service Guide or the FedEx® US Airbill for details.

For international shipments, FedEx liability is limited to US$100 for damage, delay or loss of shipments by surface or air and may be further limited by certain treaties, including the Warsaw Convention, typically to US$9.07 per pound. See the current FedEx Service Guide or the FedEx® International Air Waybill for details.

## Want more information?
Go to fedex.com, or call 1.800.GoFedEx 1.800.463.3339 for U.S. domestic shipments, 1.800.247.4747 for international shipments. Call your local FedEx office if you are outside the U.S.

© 2005 FedEx 155477 REV 9/05 RT

Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6721 | **DATE** | 2/5/2008 |
| **CASE TITLE** | Solovy et al vs. Federal Express Corporation et al | | |

**DOCKET ENTRY TEXT**

For the reasons stated herein, Plaintiff's Motion to Reconsider [22] is denied. Defendants need not file a responsive pleading to said Motion. Status hearing set for Wednesday, 2/13/2008 at 9:00 AM.

08CV1611       TC

JUDGE LEFKOW

MAGISTRATE JUDGE COLE

Notices mailed by Judicial staff.

■[ For further details see text below.]

## STATEMENT

     Plaintiff Jerold Solovy ("Solovy") initially filed suit against FedEx Ground Package System, Inc. ("FedEx Ground"), Federal Express Corporation ("FedEx Express"), FedEx Custom Critical, Inc., FedEx Kinko's Office and Print Services, Inc., FedEx Corporation, and FedEx Corporate Services, Inc. (collectively "FedEx") in the Circuit Court of Cook County, Illinois. FedEx's notice of removal claimed, among other things, the existence of a federal subject matter jurisdiction under federal common law and 28 U.S.C. § 1331 as well as 49 U.S.C. § 14706 (the "Carmack Amendment") and 28 U.S.C. § 1337. In response, Solovy filed a Motion to Remand the matter to the Circuit Court of Cook County, Illinois, which the Court denied.

     The current Action arises out of Solovy's attempt to ship a necklace from Florida to Illinois via FedEx, a nationwide parcel delivery service. According to Plaintiff's allegations, on February 9, 2007, Solovy placed the necklace in a FedEx box, filled out an "air bill" with a corresponding FedEx tracking number, and contacted FedEx for the purposes of picking up two packages destined for Chicago - one containing the necklace (the "necklace package" or "necklace") and another containing items to be delivered to a Polo store (the "Polo store package"). According to Plaintiff's allegations again, FedEx, through it agent, apparent agent, employee, and representative, arrived at Solovy's residence, expressly agreed to accept the necklace package and cause it to be delivered to Chicago. Subsequently, FedEx delivered the Polo store package to its correct location, but failed to deliver the necklace package. As a result, Solovy filed the current Action, alleging the following nine claims: (1) breach of bailment agreement; (2) conversion; (3) fraudulent misrepresentation; (4) negligent misrepresentation; (5) negligent hiring; (6) negligent supervision; (7) negligent retention; (8) negligence; and (9) mischance.

     In its initial Notice of Removal and subsequent response to Solovy's Motion for Remand, FedEx Express and FedEx Ground argued that this Action was properly removed to federal court pursuant to 28 U.S.C. § 1441.[1] Specifically, FedEx Express and FedEx Ground asserted that, to the extent that FedEx Express was involved with

Case 1:08-cv-01611    Document 11-2    Filed 04/18/2008    Page 30 of 34
Case 1:08-cv-01611    Document 1-3    Filed 03/19/2008    Page 2 of 4
Case 1:07-cv-06721    Document 23    Filed 02/05/2008    Page 2 of 4

## STATEMENT

the shipment at issue, this Court has jurisdiction under federal common law. Similarly, to the extent that FedEx Ground was involved with the shipment, the defendants contend that this Court has jurisdiction by reason of the Carmack Amendment. Relying on *Treiber & Straub, Inc. v. United Parcel Serv.*, 474 F.3d 379 (7th Cir. 2007), the Court agreed with the former argument and concluded that removal to federal court was proper under federal common law and 28 U.S.C. § 1331.

Now before the Court is Solovy's Motion to Reconsider the Court's previous denial of Solovy's Motion for Remand. A motion for reconsideration is appropriate when filed on the basis of newly discovered material evidence or a manifest error of law or fact. *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). The Seventh Circuit defines "manifest error" as "'wholesale disregard, misapplication, or failure to recognize controlling precedent'" on the part of the court. *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (*quoting Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). In this case, Solovy argues that the Court's previous reliance on *Treiber* represents a manifest error of law and fact because: (1) the Court incorrectly interpreted and applied *Treiber* to the present case and (2) Solovy's claims are factually distinguishable from *Treiber*. For the reasons set forth below, the Court concludes that its previous denial of Solovy's Motion for Remand does not represent a manifest error of law or fact.

With respect to the first argument, Solovy contends that this Court incorrectly interpreted and applied *Treiber* to the current Action by holding that federal common law "completely preempted" Solovy's claims and "created a removable interest." Solovy misinterprets the Court's previous ruling. As explained by the Court during a January 24, 2008 hearing regarding the Motion for Remand, the Court does not interpret the Seventh Circuit's decision in *Treiber* as standing for the proposition that federal common law completely preempts all state law claims for lost or damaged goods transported by air, nor did the Court base its conclusion on the complete preemption doctrine. Rather, this Court concluded that, to the extent that Solovy's claims relate to lost goods transported by a common air carrier, those claims arise under federal common law and, therefore, fall within the Court's federal question jurisdiction. In making this determination, the Court found instructive the Fifth Circuit's decision in *Sam L. Majors Jewelers v. ABX, Inc.*, 117 F.3d 922 (5th Cir. 1997) and the Seventh Circuit's recent holding in *Treiber & Straub, Inc. v. United Parcel Serv.*, 474 F.3d 379.

In *Sam L. Majors*, the plaintiff initially filed suit in state court alleging, among other things, negligence on the part of the defendant air in conjunction with the defendant's loss of or damage to plaintiff's shipments. 117 F.3d at 923-24. The defendant then removed the action to federal court, asserting that the suit was governed by federal law. *Id.* at 924. Before determining whether removal to federal court was proper, the Fifth Circuit explained that any one of the following three theories would support removal and federal question jurisdiction: (1) the complaint raises an express or implied cause of action that exists under a federal statute; (2) an area of law is completely preempted by the federal regulatory regime; or (3) the cause of action arises under federal common law principles. *Id.* at 925. After offering an extensive analysis regarding the history of federal common law liability of common carriers and the regulation and deregulation of air carriers, the Fifth Circuit concluded that claims for lost or damaged goods transported by an air carrier arise under federal common law. *Id.* at 925-29. Because plaintiff's negligence claim related to a common air carrier's loss of or damage to plaintiff's shipments, the court concluded that the negligence claim arose under federal common law. *Id.* Thus, the defendant properly removed the suit to federal court. *Id.* at 929.

Subsequently, in *Treiber*, the Seventh Circuit relied on the Fifth Circuit's decision in *Sam L. Majors* when evaluating whether it retained federal question jurisdiction over a federal common law claim against a common air carrier for lost or damaged goods. After noting that several other circuits had already concluded that such claims arise under federal common law, and highlighting the analysis set forth in *Sam L. Majors*, the Seventh Circuit joined the Fifth Circuit by holding that "a claim for lost or damaged goods transported by a common air

07C6721 Solovy et al vs. Federal Express Corporation et al

Page 2 of 4

## STATEMENT

carrier arises under federal common law and thus falls within the district court's federal question jurisdiction." *Treiber*, 474 F.3d at 384.

As highlighted by *Sam L. Majors* and *Treiber*, this Court's power to exercise federal question jurisdiction over the current suit flows from principles of federal common law, not from the complete preemption doctrine. Thus, to the extent that Solovy asserts "claim[s] for lost or damaged goods transported by a common air carrier," this Court did not misapply *Treiber* by concluding that such claims arise under federal common law and fall within this Court's federal question jurisdiction.[2]

Solovy further contends that the Court committed a manifest error by denying his Motion for Remand because Solovy's allegations concern only the conversion of Solovy's property rather than the shipment and loss of property. Unfortunately for Plaintiff, those are not the only allegations pleaded in his complaint. To determine the presence or absence of federal question jurisdiction, the Court generally looks no further than the allegations contained in the plaintiff's "well-pleaded complaint." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). As the Court previously concluded, Solovy's general and claim-specific allegations bring this Action within the ambit of federal question jurisdiction. For instance, Solovy alleges that he filled out an air bill with a corresponding FedEx tracking number so his package could be shipped from Florida to Illinois. He further alleges that, despite the express agreement from a FedEx agent, apparent agent, employee and representative to accept the necklace package and cause it to be delivered to Chicago, FedEx failed to return or deliver the necklace package. With respect to Solovy's negligence claim (Count VIII), Solovy also alleges that FedEx breached its duty by failing to deliver the package, properly track the package, return the package, and "notify the Plaintiff that his package was lost, misplaced, and/or misdelivered." Noticeably absent from the negligence claim is any allegation related to conversion or theft of the necklace. Instead, Solovy frames the negligence cause of action as a claim for lost goods transported by an air carrier. In light of such allegations, the Court concludes that, at a minimum, Count VIII of Solovy's well-pleaded complaint arises under federal common law and falls within this Court's federal question jurisdiction.[3] *See Illinois v. City of Milwaukee*, 406 U.S. 91, 100, 92 S. Ct. 1385, 31 L. Ed. 2d 712 (1972); *see also Sam L. Majors*, 117 F.3d at 925-29; *W. Sec. Co. v. Derwinski*, 937 F.2d 1276, 1280 (7th Cir. 1991) (removal proper where suit was governed by federal common law and thus arose under federal law for the purposes of 28 U.S.C. § 1331).

The Court further notes that, to the extent that this Action involves FedEx Ground, removal from state court was likely proper under the Carmack Amendment, 28 U.S.C. § 1337(a),[4] and the complete preemption doctrine.[5] The Carmack Amendment governs the liability of common carriers to shippers for loss of, or damage to, interstate shipments.[6] *N. Am. Van Lines, Inc. v. Pinkerton Sec. Sys., Inc.*, 89 F.3d 452, 455 (7th Cir. 1996). Because the purpose of the Carmack Amendment is to establish uniform federal guidelines to reduce uncertainty in connection with a carrier's liability, it has a broad preemptive scope over state and common law claims arising out of interstate shipments. *Hughes v. United Van Lines, Inc.*, 829 F.2d 1407, 1415 (7th Cir. 1987). The Supreme Court, when addressing this preemptive scope, noted that "[a]lmost every detail of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject and supersede all state regulation with reference to it." *Adams Express Co. v. Croninger*, 226 U.S. 491, 505-06, 33 S. Ct. 148, 57 L. Ed. 314 (1913). Several courts, including the Ninth and Fifth Circuits, have since concluded that the Carmack Amendment completely preempts state law claims. *See, e.g., Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 688 (9th Cir. 2007); *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 777 (5th Cir. 2003); *Ducham v. Reebie Allied Moving & Storage, Inc.*, 372 F. Supp. 2d 1076, 1079 (N.D. Ill. 2005); *Woods v. Unigroup*, 945 F. Supp. 1255 (E.D. Mo. 1996). While the Seventh Circuit has yet to expressly address whether the statute completely preempts state law, it has recognized that the statute ordinarily preempts "all state or common law remedies available to a shipper against a carrier for loss or damage to interstate shipment," *N. Am. Van Lines*, 89 F.3d at 456, and that the purpose of the statute is to establish

07C6721 Solovy et al vs. Federal Express Corporation et al

Page 3 of 4

## STATEMENT

uniformity, *Hughes*, 829 F.2d at 1415. In light of the purpose of the Carmack Amendment and the Seventh Circuit's recognition of its purpose and preemptive effect, the Court would be inclined to adopt the reasoning employed by the Fifth and Ninth Circuits and conclude that the Carmack Amendment completely preempts state law. Nevertheless, the Court need not make such a determination at this time because, as previously noted, FedEx properly removed this Action under federal common law and 28 U.S.C. § 1331.

Because Solovy asserts a claim for lost or damaged goods transported by a common air carrier, the Court concludes that it did not commit a manifest error of law or fact by denying Solovy's Motion for Remand. Further, to the extent that federal common law establishes the Court's original jurisdiction, the Court also has the power to exercise supplemental jurisdiction over Solovy's state law claims under 28 U.S.C. § 1367(a). The state law claims are so related to the federal claims that they form part of the same case or controversy under Article III for the purposes of supplemental jurisdiction. 28 U.S.C. § 1367(a). Accordingly, Plaintiff's Motion to Reconsider is denied. Defendants need not file a responsive pleading to the Motion to Reconsider.

1. Under 28 U.S.C. § 1441(a), district courts have removal jurisdiction over any claim that could have been brought in federal court originally.

2. The parties do not contest that FedEx Express's status as an air carrier, nor does the Court find any reason to do so.

3. Solovy also argues that *Treiber* does not apply to the current Action because, in the present case, FedEx initially denied that a FedEx driver accepted Solovy's necklace package in a letter to Solovy and subsequently stated that they were without knowledge or information sufficient to answer Solovy's allegation in Count II that FedEx converted Solovy's property. As noted above, courts generally look no further than the allegations contained in the plaintiff's "well-pleaded complaint" to determine the presence or absence of federal question jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A case will not be removed to federal court on the basis of a federal defense. *Id.* at 393. Because the Court must focus on Solovy's allegations, FedEx's denial or failure to admit that it took possession of the necklace package is irrelevant to the current analysis. As noted by the Court in its January 24, 2008 ruling and again in the current order, Solovy's allegations state a claim for lost goods transported by a common air carrier and, therefore, falls within the Court's federal question jurisdiction.

4. Under 28 U.S.C. § 1337(a), original jurisdiction exists for any civil action brought pursuant to the Carmack Amendment "only if the matter in controversy for each receipt or bill of lading exceeds $ 10,000, exclusive of interest and costs." 28 U.S.C. § 1337(a).

5. Under the complete preemption doctrine, a well-pleaded state law claim presents a federal question when a federal statute has completely preempted that particular area of law. *Caterpillar, Inc.*, 482 U.S. at 392. "Once an area of state law has been completely pre-empted, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim" that arises under federal law. *Id.*

6. The parties do not contest that FedEx Ground's status as a common carrier subject to the Carmack Amendment, nor does the Court find any reason to do so.

07C6721 Solovy et al vs. Federal Express Corporation et al

Page 4 of 4

**Jackie Gribbon**

| | |
|---|---|
| **From:** | usdc_ecf_ilnd@ilnd.uscourts.gov |
| **Sent:** | Thursday, March 20, 2008 6:18 PM |
| **To:** | ecfmail_ilnd@ilnd.uscourts.gov |
| **Subject:** | Activity in Case 1:08-cv-01611 Starrett v. FedEx Ground Package System, Inc. et al notice of removal |

This is an automatic e-mail message generated by the CM/ECF system. Please **DO NOT RESPOND** to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

## United States District Court

## Northern District of Illinois - CM/ECF LIVE, Ver 3.1.3

### Notice of Electronic Filing

The following transaction was entered on 3/20/2008 at 6:18 PM CDT and filed on 3/19/2008

| | |
|---|---|
| **Case Name:** | Starrett v. FedEx Ground Package System, Inc. et al |
| **Case Number:** | 1:08-cv-1611 |
| **Filer:** | Federal Express Corporation |
| | FedEx Ground Package System, Inc. |
| | Fed Ex Corporation Services, Inc. |

**Document Number:** 1

**Docket Text:**
**NOTICE of Removal from Circuit Court of Cook County, Case Number 2008-CH-05989, filed by Defendants FedEx Ground Package System, Inc., Federal Express Corporation, Fed Ex Corporation Services, Inc.: (Attachments: #(1) Service of Process Transmittal, and #(2) Judge Kendall's 2/5/08 order in 07cv6721). Filing fee $350.00. (ar, )**

**1:08-cv-1611 Notice has been electronically mailed to:**

Patrick J. Keating    pkeating@ohaganspencer.com, kkeating@ohaganspencer.com

Michael Sean Krzak    msk@cliffordlaw.com, jmg@cliffordlaw.com

**1:08-cv-1611 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document

**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1040059490 [Date=3/20/2008] [FileNumber=4602834-0
] [2a515544518c500cdcf277bc44c7aa058654abe595e884edfb872d1f37bc311f593
4454732b13ab5fd6923c61e80e27554823ff67736062bb862577636dd95cd]]
**Document description:** Service of Process Transmittal
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1040059490 [Date=3/20/2008] [FileNumber=4602834-1
] [a77cac3b51288a019bca8e4fb33be0bbf20314f087336243add2318e9b9f531c9ec
5b4e2e39dbd4035ccef0360c21bbe9b224060a59200e37c5abe53edd0cb88]]
**Document description:** Judge Kendall's 2/5/08 order in 07cv6721
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1040059490 [Date=3/20/2008] [FileNumber=4602834-2
] [08e35b93afad3c47a29ea4bd744ff4cd67e0a03ac8dee003bb92e3852bb5cef65f4
29d61b635d3c8ccb31b8bfc17162e90f6580b1a45554605717328c7231715]]

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SUSAN STARRETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  08-cv-01611 |
| | ) | |
| | ) | Judge Joan H. Lefkow |
| FEDEX GROUND PACKAGE | ) | |
| SYSTEM INC., a Delaware Corporation, | ) | Magistrate Judge Jeffrey Cole |
| FEDERAL EXPRESS CORPORATION, | ) | |
| a Delaware Corporation, | ) | |
| FEDEX CORPORATE SERVICES, | ) | |
| INC, a Delaware Corporation | ) | |
| FEDEX AIR PACKAGE SYSTEMS INC., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION FOR REMAND

Plaintiff, Susan Starrett, respectfully offers the following Memorandum in support of her Motion for Remand:

*Introduction and Summary of Argument*

This case is unusual in many regards.  The underlying case is unusual, not because there is a damaged package, but because of the character of the damage, and the circumstances under which it arose.  Briefly, a package clearly addressed to an attorney's office was, Plaintiff will believe the evidence will show, deliberately savaged while in the exclusive custody of FedEx.  Now, FedEx has, as part of its agreement, effectively, an exculpatory clause which limits its liability in connection with its bailments to $100.00, regardless to the character of the damage, injury or loss.

1

Such sum was offered to the Plaintiff in connection with these events. The Plaintiff refused it, however, for the reason that, in her view, Illinois, which has a policy disfavoring exculpatory clauses, would not allow FedEx's contractual term to be enforced in every circumstance, regardless of how unforeseen or expected it might be, or FedEx's degree of culpability. In short, there is a different legal implication to be applied to the facts at bar than damage because a package fell off the truck.

Hence, with respect to the issue of whether FedEx's exculpatory language would be enforceable, an actual case and controversy exists between FedEx and the Plaintiff, which authorized the Plaintiff to seek a declaratory judgment under Illinois law, which she did. As separate counts of the complaint, and mostly to preserve the statute, since it was expected that the declaratory judgment would be lengthy and transverse many courts, claims for damages were ancillary added to the suit. They did not state an amount of damage because that amount is unknown. More importantly, the entire claim was declared to be contingent upon the contractual limitation being declared to be unenforceable under Illinois law. Now FedEx has removed the case to this Court pursuant to Carmack.

Plaintiff believes, however run-of-the-mill such removals may be in general, it is unwarranted, and unjust in the case at bar. Why unwarranted? Because Carmack provides for federal jurisdiction only where the value of the loss is $10,000.00. Not only has the Plaintiff not alleged a loss in that amount as part of her state court complaint, there is no basis for computing such a loss or even knowing how much the loss will be, what, in the end will prove to be its elements, or how it will be computed.

In short, there is no fair basis to say, at this time, that damages will reach this jurisdictional amount. But that's even if there are going to be any damages. At this point of the proceedings, as is clearly alleged in the Plaintiff's Amended Complaint, her right to any damages beyond the contractual $100.00, is contingent on an unsatisfied condition, that the contractual limitation be declared unenforceable. Hence, not only is the amount of damages unknown, but the claim for damages themselves is still contingent. It may never even exist in the absence of the requisite declaration. Therefore, in this case, Plaintiff believes that it cannot be said the statutory amount, upon which this Court's jurisdiction depends, has been satisfied. That is why Plaintiff believes that the removal was unwarranted.

But why unjust? Because this Court has no power to grant the Plaintiff the relief she requested in her Complaint, a declaration that the contractual limitation is unenforceable. It is to be noted that Plaintiff's position did not rest upon a claim of any existing law, but upon a general policy which would have to be interpreted to produce a new rule based upon the circumstances and in the interests of justice. While the courts of Illinois are entitled to modify or create new law, this Court is without jurisdiction to modify or change state law, and hence cannot as a matter of law grant the relief the Plaintiff seeks. Moreover, not only cannot the federal courts not give a declaration in this case, they cannot give a declaration in any similar case, so that any plaintiff seeking such relief will always be in the same position—because they have sued Federal Express they will be removed, and because they are now in federal court, no change in state law, regardless of the good faith basis for seeking the change may

3

be, could ever been entertained.  That is why the removal is unjust, because it deprives the plaintiff of a forum that can provide her with any remedy: damages are dependent on a change of law, a change of law which this Court is powerless to consider, much less give.

Moreover, it should be noted that FedEx would not be prejudiced to the allowance of this motion.  It has no right to a federal forum until there is a claim for damages in the statutory amount.  There is not yet any such present claim.  Were, upon remand, the Plaintiff to prevail upon her declaratory judgment, and the inevitable reviews concluded, and were it to appear that the case was within the contemplation of the statute, with respect to amount, then the case would be ripe for removal, and Plaintiff would stipulate to such, or if such were procedurally available, non-suit the remaining damage claims and refile them in this Court. Plaintiff is not trying to deprive FedEx of its right to have the damages tried by a federal court, she is merely trying to secure a forum where there is jurisdiction to hear her declaratory case.

The removal statute has a clause which grants this Court discretion to remand a case where justice requires.  Plaintiff believes that the case at bar is such a case, and asks the Court to remand upon such terms or conditions as the Court may believe proper to impose.

## **ARGUMENT**

*Declaratory Relief is Available to this Plaintiff under the law of Illinois.*

Plaintiff has a live controversy and is entitled to declaratory relief because a controversy exists between the Plaintiff and FedEx concerning their contract in

shipping a package and the destruction of said package and, particularly, under the circumstances of this case, the enforceability of FedEx's limitation clause.   Under the Illinois declaratory judgment statute, declaratory relief is only permitted where there is an actual controversy.   735 ILCS 5/2-701.   As explained by the Illinois Supreme Court, to present an actual controversy, a complaint must show "that the underlying facts and issues of the case are not moot or premature, so as to require the court to pass judgment on mere abstract propositions of law, render an advisory opinion, or give legal advice as to future events."   *Underground Contractors Ass'n v. City of Chicago*, 66 Ill.2d 371, 376, 362 N.Ed.2d 298 (1977),.   Plaintiff need not act at its peril prior to seeking declaratory relief.   Although no wrong has yet been committed, such is not necessary to obtain declaratory relief. *Sanitary Dist. Of Decatur v. Illinois Pollution Control Bd.*   66 Ill.App.3d 251, 256, 383 N.E.2d 996 (4th Dist. 1978).   The mere existence of a claim, assertion or challenge to plaintiff's legal interests, in which the ripening seeds of litigation may be seen and which cast doubt, insecurity, and uncertainty upon plaintiff's rights or status damages plaintiff's pecuniary or material interests and establishes a condition of justiciability.   *Roberts v. Roberts* 90 Ill.App.2d 184, 188, 234 N.E.2d 372, 375 (1st Dist. 1967).

Because Plaintiff has a tangible legal interest in resolving the above described dispute and since Plaintiff's remedies against FedEx have been effectively extinguished by the purported contractual terms Plaintiff rightfully brings her claim pursuant to 735 ILCS 5/2-701 for declaratory relief stating that FedEx's contractual limitation clause is against public policy and Illinois may deem it so.   The public

policy of a State is to be found in its constitution, its statutes, or in their absence, expressions contained in judicial opinions. *Bilek v. City of Chicago*, 396 Ill. 445, 453, 71 N.E.2d 789 (1947). It is the court's duty to interpret the law and to protect the rights of individuals, especially against acts beyond the scope of the legislative power. *Best v. Taylor Mach. Works* 179 Ill.2d 367, 379, 689 N.E.2d 1057 (1997).

*Illinois' Public Policy may preclude enforcement of FedEx's limitation terms.*

As far as Plaintiff knows, no Illinois Court, or any other court applying Illinois law, has ever declared that state's public policy with respect to FedEx's exculpatory language printed in its shipping agreement. Certainly, the language is to be regarded as *prima facie* enforceable under the circumstances which reasonable persons would contemplate: accidental loss or damage. That is not, however, what the Complaint alleges. On the contrary, the gravamen of the complaint is that the injury done was deliberate and calculated, and Plaintiff believes that, at the end of the day, the evidence will support that conclusion. While Plaintiff concedes that Illinois law would enforce the language in such foreseeable circumstances as are mentioned above, Plaintiff believes that the public policy of Illinois would require a change of law in the circumstances of this case, and not enforce an exculpatory clause regardless of how unexpected or culpable. Illinois has a strong public policy against exculpatory clauses which are unfair, one sided or overreaching. That policy specifically seeks to preserve the rights of consumers when the use of a product or service is automatically tied to an agreement by a pre-printed, take it or leave it agreement. See, e.g.: *Sirari v. Villa Olivia Country Club*, 63 Ill.App.3d 985, 991, 380 N.E.2d 819 (1st Dist. 1978).

(pre-printed rental agreement would not, under Illinois' public policy, bar action for strict liability because of defective design).

Illinois' position was summarized by its Supreme Court when it said:

"The exculpatory provision in Burns' contract does not prevent Wards' action for contribution.  Such clauses are not favored (*Hulse v. Midwest Emery Freight System, Inc.,* 12 Ill.App.3d 316, 318, 299 N.E.2d 24 (4[th] Dist. 1973)) and are to be strictly construed against the party they benefit (*Valentin v. D.G. Swanson & Co.,* 25 Ill.App.2d 285, 290, 167 N.E.2d 14 (1[st] Dist. 1960)), especially when that party was also the draftsman (*Halperin v. Darling & Co.,* 80 Ill.App.2d 353, 356-57, 225 N.E.2d 92 (1[st] Dist. 1967)).   Such clauses must spell out the intention of the parties with great particularity and will not be construed to defeat a claim which is not explicitly covered by their terms.  See *Berwind Corp. v. Litton Industries, Inc.* (7th Cir.1976), 532 F.2d 1, 4; *Tatar v. Maxon Construction Co.* (1973), 54 Ill.2d 64, 67, 294 N.E.2d 272."

Similarly, Illinois public policy will not permit a contracting party to limit its liability for intentional or wanton misconduct, which is the kind of misconduct that is at issue in the case at bar.  Hence, the First District Appellate Court wrote in *Kleinwort Benson North America, Inc. v. Quantum Financial Services, Inc.,* 285 Ill.App.3d 201, 216, 673 N.E.2d 369 (1st Dist. 1997):

"Public policy concerns enunciated in *Zimmerman v. Northfield Real Estate, Inc*., 156 Ill.App.3d 154, 165, 109 Ill.Dec. 541, 547, 510 N.E.2d 409, 415 (1986), appeal denied, 116 Ill.2d 578, 113 Ill.Dec. 320, 515 N.E.2d 129 (1[st] Dist. 1987), are applicable here.  The *Zimmerman* decision is consistent with a long line of cases which hold that exculpatory clauses for willful and wanton conduct are void as a matter of public policy.  See, e.g., *Davis v. Commonwealth Edison Co*., 61

> Ill.2d 494, 500-01, 336 N.E.2d 881, 885 (1975);  *Falkner v. Hinckley*
> *Parachute Center, Inc*., 178 Ill.App.3d 597, 604, 533 N.E.2d 941, 946
> (2[nd] Dist. 1989);   *Third Swansea Properties, Inc. v. Ockerlund*
> *Construction Co*., 41 Ill.App.3d 894, 897, 354 N.E.2d 148, 150 (1[st]
> Dist. 1976)."

In addition to a public policy against exculpating willful and wanton or intentional misconduct, Illinois has a policy against exculpating unforeseen circumstances, as is clear from following language from *Larsen v. Vic Tanny International*, 130 Ill.App.3d 574, 577, 474 N.E.2d 729 (5th Dist. 1984):

> "Foreseeability of a specific danger is thus an important element of the
> risk which a party assumes, and, for this reason, serves to define the
> scope of an exculpatory clause.  This is but another way of stating that,
> although the type of negligent acts from which a person expressly
> agrees to excuse another need not be foreseen with absolute clarity,
> such acts cannot lie beyond the reasonable contemplation of the parties;
> or, as stated in a comment to the section of the Restatement of Torts
> (Second) recognizing the validity of express assumptions of risk:  "In
> order for the agreement to assume the risk to be effective, it must also
> appear that its terms were intended by both parties to apply to the
> particular conduct  of  the  defendant  which  caused  the  harm."
> (RESTATEMENT OF TORTS (SECOND) Sec. 496 B comment d
> (1977).)    No agreement to assume unknown risks shall be inferred.
> *Van Tuyn v. Zurich American Insurance Co*.  (1984), 447 So.2d 318,
> 321 (Fla.Dist.Ct.App.)"

From all of the foregoing, Plaintiff maintains that it is amply clear that Illinois' public policy would support it modifying any prior recognition of such language as appears in FedEx's agreement to hold as unenforceable the exculpatory clause which

affords a plaintiff only nominal compensation regardless of foreseeability or culpability.

*While Plaintiff has Rights in the Courts of Illinois, this Court cannot give her a Remedy.*

While Illinois courts are free to make such a modification or expansion of existing law, this Court, respectfully, is not. As Judge Rovner stated in *Sieber v. Wigdahl*, 1987 WL 7807, 3 (N.D.Ill. 1987): "Federal courts…have no power to change state law." And about that precept there is no question. See: *Anderson v. Marathon Petroleum Co*., 801 F.2d 936, 943 (7th Cir. 1986).

Federal-question jurisdiction is "invoked by and large by plaintiffs pleading a cause of action created by federal law." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 310, 125 S.Ct. 2363, 162 l.Ed.2d 257 (2005). In this case, Plaintiff has not even cited, much less invoked, any federal law or regulation in any of the causes of action contained in her complaint. Even where a contested and substantial federal issue exists, "the exercise of federal jurisdiction is subject to a possible veto." *Grable*, 125 S.Ct. at 2367. Unlike state courts, federal courts are courts of limited subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 378, 114 S. Ct. 1673, 1676, 128 L.Ed.2d 391 (1994). The duty rests upon federal courts to apply state law in accordance with the controlling decision of the highest state court and any other conclusion would but perpetuate the confusion and injustices arising from inconsistent federal and state interpretations of state law, rendering federal courts unable to modify or create state

law.  *Vandenbark v. Owens-Illinois Glass Co.*  311 U.S. 538 , 544, 61 S. Ct. 347, 85 L.Ed 327 (1941).

Accordingly, unless FedEx will stipulate to the contrary, Plaintiff believes that this Court is without power or jurisdiction to give the Plaintiff the primary relief she requests, a declaration that FedEx's exculpatory limitation is unenforceable in a case such as this.  Absent such a declaration, she does not see how it is possible to get around the blanket $100.00 limitation, unless, again, FedEx would be willing to waive it.

*Facially, Carmak does not support removal of the Amended Complaint in the Instant Case.*

Fedex asserts that removal of Plaintiff's case is proper because the United States District Court has original jurisdiction by reason of federal question jurisdiction pursuant to 28 U.S.C. § 1331, and that this action may be removed pursuant to 28 U.S.C. § 1441(b), "The Carmack Amendment."  FedEx, however, is gravely mistaken. Removal statutes are to be strictly construed in favor of non-removal (*Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)), and the party seeking removal bears the burden of establishing federal jurisdiction (*Boyd v. Phoenix Funding Corp*., 366 F.3d 524, 529 (7th Cir. 2004)).  Any doubt regarding jurisdiction should be resolved in favor of the states.  *Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993).   Here, Plaintiff's case is dependent on state court declaratory relief declaring FedEx's contractual limitation clause unenforceable.  As a general rule, the plaintiff is the master of his own complaint and can avoid federal

question jurisdiction by pleading exclusively state-law claims. *Bastien v. AT&T Wireless Services, Inc.*, 205 F.3d 983, 986 (7th Cir. 2000), which in fact, Plaintiff did.

Furthermore, it is well settled, that in order to allege a *prima facie* claim for damaged and/or missing goods under the Carmack Amendment, a shipper must allege: (1) the shipper tendered the goods to the carrier in good condition; (2) the goods were either not delivered or delivered in damaged condition; and (3) the shipper suffered damages in a specific amount. *Intercargo Insurance Co. v. Universal Am-Can,* 1998 WL 26172,2 (N.D. Ill. 1998). Plaintiff never asks for any specified amount of damages in her complaint, nor does she even suggest a basis for computation. Moreover, Plaintiff's cause of action is asking for declaratory relief and the crux of her complaint is that FedEx's contract is unenforceable. The damage that was sustained to the shipped item at issue is purely just a ancillary consequence of the important matter that FedEx's contract be deemed unenforceable and against Illinois public policy.

*Carmack may not preempt under the facts at bar.*

The Carmack Amendment does not preempt a court of Illinois from deciding this case. It has been held that the Carmack Amendment does not preempt state court jurisdiction in a variety of circumstances. *Intercargo Ins. Co. v. Universal Am-Can,* 1998 WL 26172,2 (N.D. Ill. 1998). District courts in Illinois have found that the Amendment does not preempt state courts to decide issues of state law where damages are something beyond the loss or damage of goods. *Radio Spirits, Inc., v. Patriot Express, Inc.*, 1998 WL 380010 (N.D. Ill. 1998). The Seventh Circuit has specifically stated that not every claim even remotely associated with the transfer of goods from

11

one place to another is necessarily preempted.  *Gordon v. Untied Van Lines, Inc*., 130 F.3d 282, 288-89 (7th Cir. 1997).    Shippers may still recover for independently actionable harms that are distinct from the loss of, or the damage to, the goods. *Gordon* 130 F.3d at 289.

In *Radio Spirits, Inc., v. Patriot Express, Inc*., 1998 WL 380010, 1, the gravamen of the complaint was not the damage to the property itself but to the destruction of the reputation of the plaintiff's business.  *Radio Spirits, Inc*., at 1.  The court held that, Radio Spirits sought to recover for alleged damage to its business reputation, not for the loss of the goods shipped by the Defendant, and because the damages to business reputation is a harm distinct from the loss of goods, the state law claims were not preempted by the Carmack Amendment.  *Id.*  This reasoning is squarely on all fours with the case at bar where Plaintiff's counts contingently deal with damages and the relief asked for does not relate to the value of the property destroyed, but for damages arising by reasoning of the consequences of the package's destruction.  For example, a damage that has been done to plaintiff because of the destruction of the package is that she has been made a defendant in a lawsuit herself.  Furthermore, Plaintiff asks for declaratory relief from Fedex's opprobrious and unfair exculpatory clause in their contract which is wholly distinct and unrelated to damages arising from the destruction or loss of goods, and therefore Plaintiff's case should be justly remanded back to the Circuit Court of Cook County.

*FedEx had no right to remove this case.*

FedEx does not have the right to remove this case because Plaintiff has not relied on (or even cited to) a single federal statute or regulation in her complaint. As master of her own complaint, Plaintiff can avoid federal question jurisdiction by pleading exclusively state-law claims. *Bastien v. AT&T Wireless Service, Inc.,* 205 F.3d 983, 986 (7th Cir. 2000). Plaintiff has done just that. Thus, a defense that relies on the preemptive effect of a federal statute will not provide a basis for removal and, "absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003).

Second, Plaintiff's ability to recover in this case does not depend upon or "necessarily turn" upon a favorable judicial interpretation of a federal statute (see *Grable*, 125 S.Ct. at 2368). Instead, Plaintiff's recovery depends on her being able to establish that the law of Illinois will not recognize or enforce such an opprobrious and unfair exculpatory clause.

*This Court should exercise its Discretion to remand this Case to Cook County.*

28 U.S.C. § 1447(c) states that if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. Case law accords, holding that a court shall remand a case to the court from which it was removed as justice may require. *Employers Reinsurance Corp. v. Bryant* 299 U.S. 374, 382, 57 S.Ct. 273, 81 L.Ed 289 (1937) Combined with that is another

principle, that remand is favored when federal jurisdiction is not absolutely clear, *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Here, it is clear that Illinois has a policy that will not enforce a whole variety of oppressive limitation and exculpatory contractual provisions. Unless FedEx knows, however, of an Illinois case which holds that the subject provision will *not* be enforced, then the declaration which the Plaintiff seeks involves a modification or change in Illinois law. That is one of the few things that this Court is powerless to do. Hence, unless the case is remanded, Plaintiff will have no opportunity for a real remedy. Moreover, the basis for removal is facially doubtful. The claim for injury is not the damage to or loss of the goods directly, but rather the circumstances attending and flowing from that injury. Some of those are already known, but most remain to be seen as the underlying medical malpractice case unfolds. The Amended Complaint is so constructed that the Defendant need not even respond to the money counts until there has been a favorable declaration of rights about the contract. The window of non-preemption may be small, but the case at bar fits into it. Accordingly, Plaintiff believes that the lack of complete preemption requires that this case be remanded to the Circuit Court of Cook County.

## CONCLUSION

Because there is no basis for finding that Plaintiff's state-law tort claims "arise under" the laws of the United States, and the fact that Plaintiff requests a remedy of declaratory relief under Illinois law, there is no basis for removal, and this Court lacks subject-matter jurisdiction over this case. Therefore, this Court should grant Plaintiff's Motion to Remand this case to the Circuit Court of Cook County.

Respectfully submitted,


Dated: April 18, 2008                    s/Brian T. Nash
                                         CLIFFORD LAW OFFICES, P.C.
                                         120 North LaSalle Street
                                         31st Floor
                                         Chicago, Illinois 60602
                                         (312) 899-9090
                                         btn@cliffordlaw.com

                                         *Counsel for Plaintiff*


## CERTIFICATE OF SERVICE

I, Brian T. Nash, certify that on this 18th day of April, 2008, a true and correct copy of ***PLAINTIFF'S MOTION FOR REMAND and PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION FOR REMAND,*** filed electronically and served by electronic mail, and first-class mail upon the following counsel of record:

        Patrick J. Keating
        O'Hagan Spencer, LLC.
        1 E. Wacker Drive, Suite 3400
        Chicago, IL 60601

                                         s/Brian T. Nash
                                         CLIFFORD LAW OFFICES, P.C.
                                         120 North LaSalle Street
                                         31st Floor
                                         Chicago, Illinois 60602
                                         (312) 899-9090
                                         btn@cliffordlaw.com

                                         *Counsel for Plaintiff*


15