IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUSAN STARRETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08-cv-01611 |
| ) | |
| FEDEX GROUND PACKAGE ) | Judge Joan H. Lefkow |
| SYSTEM INC., a Delaware Corporation, ) | |
| FEDERAL EXPRESS CORPORATION, ) | Magistrate Judge Jeffrey Cole |
| a Delaware Corporation, ) | |
| FEDEX CORPORATE SERVICES, ) | |
| INC, a Delaware Corporation ) | |
| FEDEX AIR PACKAGE SYSTEMS INC., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION TO WITHDRAW MOTION FOR REMAND AND FOR LEAVE FOR TIME TO FILE SECOND AMENDED COMPLAINT**

NOW COMES the Plaintiff, Susan Starrett, by Brian T. Nash and Clifford Law Offices, her attorneys, and moves the Court for the entry of an Order granting her leave to withdraw her pending Motion for Remand and allowing her 28 days to file a Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a), in support of which she respectfully states that:

1. This case was filed in the Circuit Court of Cook County seeking a declaratory judgment of the invalidity of a contractual term, and, contingent upon such declaration being obtained, consequential damages for destruction of Plaintiff's property. The gravamen of the action was that this was the consequence of the grossest possible negligence, or even intentional injury, and was therefore beyond the contemplation of the parties with respect to their agreement.

1

2. The original complaint was discovered to contain errors, and even before it was placed for service, Plaintiff secured leave to file a corrected Amended Complaint. Accordingly, any further amendment would constitute a Second Amended Complaint.

3. After being served, the Federal Express Defendants (hereinafter sometimes referred to as "Defendants") removed the case to this Court.

4. Unhappily, there was some misapprehension on Plaintiff's part about the relationship between that removal and the Carmack Amendment. The Defendants' Removal Petition had specifically referenced the case of *Solovy v. FedEx* (07 C 6721, Feb. 5, 2008), which it characterized as being "directly on point," which Plaintiff understood to involve Carmack issues. Between that and other circumstances, the misconception perpetuated itself, and since Plaintiff believed in good faith that this case might not require removal under Carmack criteria, filed her motion for remand.

5. The Court, with the Defendants agreement, graciously gave Plaintiff additional time to get to the bottom of all this before filing her Reply in support. Having done so, Plaintiff agrees that Defendants' view is not without merit, and that the Plaintiff's chief concern, that this Court would not be in a position to afford Plaintiff any relief, was unwarranted in light of the most recent cases. See: *Eli Lilly Do Brasil v. Federal Express Corp.*, 502 F.3d 78 (2d Cir. 2007), J. Meskill, dissenting. Consequently, Plaintiff does not wish to proceed with her remand motion, but rather asks that said motion be withdrawn and that she be given 28 days to file a Second Amended Complaint.

6. Plaintiff believes that the interests of justice and judicial economy will be best served by amending her complaint to tailor it to this Court and its procedures. The existing complaint is directed to substantive state law which the Court may not choose to

consult. A better statement of the case will be made by placing it in the context of federal common law, since that is likely the law that will be chosen for the resolution of the issue of enforceability even if not for the issue of consequential damages. But apart from this retooling, the gravamen of the case will remain unchanged, and accordingly the Defendants will not be prejudiced or the proceedings delayed by the allowance of an amendment. Leave to amend shall be freely given when justice so requires. Fed.R.Civ.P.15(a).

7. Plaintiff is asking for 28 days to prepare this amendment, not for purposes of delay, but to assure that a full and accurate presentation is presented to the Court. The attorneys who will be involved in preparing this document have numerous briefs due in the appellate and Supreme Court of Illinois, but also wish to spend a significant amount of time fashioning this amended pleading to see that all procedural difficulties are cured.

WHEREFORE, Plaintiff respectfully asks that the Court enter an order granting her leave to withdraw her pending Motion for Remand and allowing her 28 days in which to file a Second Amended Complaint.

Respectfully submitted,

Dated: June 6, 2008

s/Brian T. Nash
Brian T. Nash
CLIFFORD LAW OFFICES, P.C.
120 North LaSalle Street
31st Floor
Chicago, Illinois 60602
(312) 899-9090
btn@cliffordlaw.com

*Counsel for Plaintiff*